**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| AYODEJI OSHIKOYA, individually and on behalf of all others similarly situated, | |
| Plaintiff, | |
| v. | Civil Action No. 1:17-cv-03237-RLY-DML |
| LEIDOS HEALTH, LLC, | |
| Defendant. | |

**DEFENDANT'S MOTION TO STAY**
**CONDITIONAL CERTIFICATION BRIEFING**

Defendant Leidos Health, LLC ("Leidos Health"), by counsel, moves to stay briefing on Plaintiff's Motion for Conditional Certification and Notice Pursuant to 29 U.S.C. § 216(b) ("Motion for Conditional Certification") (Doc. 55) until completion of Phase I discovery under the bifurcated discovery plan proposed by Defendant in the Case Management Plan filed on October 30, 2017 (Doc. 54). In support of this Motion, Defendant states as follows:

**BACKGROUND**

Plaintiff Ayodeji Oshikoya filed this putative collective and class action against Leidos Health in the Eastern District of Virginia on August 8, 2017, and the case was transferred to this Court on September 12, 2017.  (Doc. 34).  The Complaint alleges that Plaintiff and other consultants were misclassified as independent contractors and denied overtime pay in violation of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.* (Count I) and the Pennsylvania Minimum Wage Act of 1968 ("PMWA"), 43 P.S. § 333.101 *et seq.* (Count II). Plaintiff purports to bring his FLSA claim as a nationwide collective action under 29 U.S.C. § 216(b), consisting of:

1

> All individuals who worked for Leidos providing training and support to Leidos' clients in using electronic recordkeeping systems in the United States from August 7, 2014 to the present and were classified as independent contractors (the 'FLSA Class').

Compl. (Doc. 1), ¶ 9.  Likewise, Plaintiff purports to bring his PMWA claim as a class action under Federal Rule of Civil Procedure ("FRCP") 23, consisting of:

> All individuals who worked for Leidos providing training and support to Leidos' clients in using electronic recordkeeping systems in Pennsylvania from August 7, 2014 to the present and were classified as independent contractors (the 'Pennsylvania Class').

*Id.* ¶ 10.

The parties were unable to agree on a discovery plan for this case.  Consequently, each party included its discovery proposal in the Case Management Plan submitted to this Court on October 30, 2017.  (Doc. 54).  Plaintiff proposed that "fact discovery take place during the first three months after conditional certification is granted, and class discovery take place during the following three months, after the close of the opt-in period."  *Id.* at § IX.  Plaintiff indicated that he would seek to seek leave to amend the pleadings to add *new plaintiffs* and assert *new state law claims* within thirty days after the close of any FLSA opt-in period (*id.* at § III.D)—that is, *after* his proposed date for the close of fact discovery.  Plaintiff does not explain how discovery should proceed if his motion for conditional certification is denied.

Defendant proposed that the Court bifurcate discovery into two phases. Under Defendant's plan, the first phase would be focused on whether this case is appropriate for class and conditional certification.  After the Court resolves these threshold procedural issues, Leidos Health would be in a position to better evaluate the settlement value of the case.  If the parties are unable to resolve the case at that point, the second phase of the litigation would focus on the merits of the Plaintiff's claims in advance of any dispositive motions.

The parties are due to address these issues with the Court during the Initial Pretrial Conference scheduled for 11:30 a.m. on November 6, 2017.  Rather than wait for the Court to resolve this dispute at the Initial Pretrial Conference, however, Plaintiff jumped the gun and filed his § 216(b) motion for conditional certification on November 2, 2017.  (Doc. 55).  Under Local Civil Rule 7-1(c)(2), Defendant's responsive brief will be due on November 16, 2017, and Plaintiff's reply will be due on November 23, 2017.  Faced with these deadlines, Leidos Health respectfully requests that the Court exercise its discretion to stay further briefing on Plaintiff's Motion for Conditional Certification until after completion of Phase I of Defendant's proposed bifurcated discovery plan.  Significantly, this would have no prejudicial effect on potential plaintiffs because Defendant would agree to toll the FLSA and PMWA statutes of limitation during this period.  In the event the Court declines to adopt Defendant's proposed discovery plan, Defendant requests that the deadline for its opposition to Plaintiff's Motion for Conditional Certification be extended to Friday, December 15, 2017.

## ARGUMENT

### I.    Conditional Certification Briefing Should Be Stayed Until After Phase I Of Defendant's Proposed Discovery Plan.

Leidos Health requests that the Court stay conditional certification briefing until after the first phase of discovery outlined in its proposed bifurcated discovery plan.  Given that this case involves both a putative collective action under the FLSA *and* a putative Rule 23 class action under Pennsylvania law, Defendant's proposed bifurcated discovery plan will allow the parties to defer merits discovery until *after* the Court has had an opportunity to evaluate whether this case should proceed as a class or collective action.  As set forth below, this common approach to the management of class and collective action cases will allow the parties to avoid unnecessary

3

litigation costs and promote the orderly administration of the case, without having any prejudicial effect on potential plaintiffs.

### A. Defendant's Discovery Proposal Will Allow The Parties To Avoid Unnecessary Litigation Costs.

It is no secret that "[c]lass actions are expensive to defend," *Wiesmueller v. Kosobucki*, 513 F.3d 784, 787 (7th Cir. 2008), and this Court has broad discretion to enter a discovery schedule that spares the parties from unnecessary litigation expense. Defendant's phased discovery plan will preserve resources by allowing the parties to defer the cost of full merits discovery until after the Court has determined the proper scope of this litigation by resolving Plaintiff's motions for class and conditional certification, and after the parties have had a realistic opportunity to evaluate the potential value of this case for settlement. Plaintiff has brought this case as a putative nationwide collective action potentially covering over 1,000 consultants who accepted engagements at third party medical facilities spread over more than 30 states. Given the potential number of witnesses and broad scope of relevant ESI in this matter, the cost of merits discovery is likely to be substantial. Bifurcated discovery will spare the parties the cost of merits discovery until *after* the Court has resolved the threshold issues of conditional and class certification.

### B. Defendant's Discovery Proposal Will Promote The Orderly Progress And Administration Of The Case.

Defendant's proposed phased discovery plan will promote the orderly progress and administration of the case in several ways. First, it will allow the Court to determine whether this case is suitable for class or collective action treatment *before* merits discovery, thereby eliminating the need for discovery as to consultants who may never actually become part of the case. By contrast, Plaintiff's proposed discovery plan will allow him to seek to add new parties

and claims *after* the close of fact discovery, essentially shielding any new plaintiffs and claims from merits discovery altogether.

Second, a phased discovery plan will give the parties an opportunity to conduct a realistic assessment of the settlement value of the case before the close of discovery.  Until the Court resolves whether this case is appropriate for certification as a class or collective action, it is highly unlikely that the parties will be able to engage in meaningful settlement discussions.

Third, a phased discovery plan would eliminate the possibility of confusion that could arise from the distribution of multiple conflicting notices to potential plaintiffs.  Under Plaintiff's proposal, all potential plaintiffs could receive a notice of their right to opt *in* to a conditionally certified FLSA collective action at the outset of the case, and then mid-way through the litigation receive additional notices of their right to opt *out* of one or more state class actions.  Under Defendant's proposal, by contrast, if the Court were to determine that this case should proceed as a class and collective action, potential plaintiffs would only need to receive a single notice advising them of their FLSA and Rule 23 rights.  Indeed, Plaintiff's counsel proposed to use a unitary FLSA/Rule 23 notice in connection with their settlement of a parallel case against one of Leidos Health's competitors.  *See* Notice of Settlement (Doc. 46-1), *Gerges v. Enterprise Systems Software, LLC*, No. 3:15-cv-1816-JZ (N.D. Oh. May 10, 2016).

Fourth, phased discovery will give Plaintiff an opportunity to evaluate—and potentially revise—its definition of the proposed collective action *before* the parties move forward with briefing.  The alternative is that Plaintiff may find himself in the position of having to revise his definition of the proposed collective action in his reply brief in support of conditional certification—a course of action that would be grossly prejudicial to Defendant and procedurally inappropriate.  If Plaintiff deliberately chooses not to avail himself of the opportunity to conduct

discovery regarding the proper scope of his proposed collective action, he should not be afforded the opportunity to correct his errors through the briefing process.

### C.    Defendant's Discovery Proposal Will Not Prejudice Potential Plaintiffs.

Staying conditional certification briefing until after Phase I of Defendant's proposed bifurcated discovery plan will have no prejudicial effect on potential FLSA opt-in plaintiffs or Pennsylvania class members.  Under its plan, Defendant would agree to toll the applicable FLSA and PMWA limitations periods for all potential opt-in plaintiffs and Pennsylvania class members until after the Court rules on Plaintiff's motions for conditional certification of an FLSA collective action and Rule 23 certification of a Pennsylvania class at the conclusion of Phase I. *See Genesis Healthcare Corp. v. Symczyk*, 133 S.Ct. 1523, 1530 (2013) ("The sole consequence of conditional certification is the sending of court-approved written notice to employees . . . who in turn become parties to a collective action only by filing written consent with the court, § 216(b).").

### D.    Defendant's Phased Discovery Proposal Is Common In Hybrid Class And Collective Action Cases.

Bifurcated discovery is not unusual in class and collective action cases.  This and other courts in the Seventh Circuit have ordered or approved bifurcated discovery plans in class and collective action cases such as this, particularly where the defendant has offered to toll the applicable limitations periods for potential plaintiffs.  *See, e.g.*, Case Management Plan (Doc. 12) at 2-3 & 6, *Armstrong v. Wheels Assured Delivery Sys., Inc.*, No. 1:15-cv-354-LJM-MJD (S.D. Ind. Apr. 17, 2015) (agreeing to limit first phase of discovery to issue of conditional certification under FLSA); Case Management Plan (Doc. 29) at 9, *Weil v. Metal Tech., Inc.*, No. 2:15-cv-16-JMS-MPB (S.D. Ind. Apr. 14, 2015) (agreeing to defer conditional certification briefing pending phase one discovery regarding "Rule 23 and FLSA collective action certification issues");

6

*Bunyan v. Spectrum Brands, Inc.*, No. 07-cv-89, 2008 WL 2959932, at *1 (S.D. Ill. July 31, 2008) (limiting first phase of discovery to the issue of whether the case should be conditionally certified as collective action under FLSA); *Steger v. Life Time Fitness, Inc.*, No. 14-cv-6056, 2016 WL 245899, at *2 (N.D. Ill. January 21, 2016) (in hybrid case involving putative class and collective actions, adopting agreement of parties to phased discovery focusing initially on class and conditional certification); *see also* Stipulation (Doc. 28) at 2, *Stokes v. Consol. Wings Inv., LLC*, No. 1:15-cv-1932-RLY-DKL (S.D. Ind. Mar. 17, 2016) (agreeing to stay conditional certification briefing in exchange for tolling agreement). Courts outside the Seventh Circuit have adopted this approach as well. *See, e.g., Scott v. Bimbo Bakeries, USA, Inc*., No. 10-3154, 2012 WL 645905, at *1 (E.D. Pa. Dec. 11, 2012) (recognizing that Court had granted Defendant's request to conduct limited discovery on the issue of conditional certification); *Carver v. Veolicty Express Corp.,* No. 1:07cv407, 2008 WL 1766629, at *1-3 (W.D.N.C. Apr. 14, 2008) (bifurcated discovery plan "would better serve the court and public interest in the speedy resolution of this matter" in hybrid class and collective action case, with first phase discovery focused on issues related to Section 216(b) conditional certification and Rule 23 certification).

## II.   Defendant Requests That If The Court Declines To Adopt Its Proposed Discovery Plan, The Due Date For Its Opposition Brief Be Extended To December 15, 2017.

If the Court orders that discovery in this case proceed in a single phase, Defendant respectfully requests that the deadline for its opposition to Plaintiff's Motion for Conditional Certification be extended to December 15, 2017.  Defendant will vigorously oppose Plaintiff's Motion for Conditional Certification, and it believes that a short extension of the deadline for filing its opposition brief from November 23, 2017 to December 15, 2017, will better enable the parties to present the evidence and arguments necessary for the Court to resolve this important threshold procedural issue.  During the FRCP 26(f) planning conference, counsel for Plaintiff

7

indicated that they would oppose any motion to stay briefing on their Motion for Conditional Certification.

## CONCLUSION

For the reasons stated herein, Leidos Health respectfully requests that the Court grant its Motion to Stay Conditional Certification Briefing and award such other relief as the Court deems proper and just.  A proposed order is submitted herewith.

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

 /s/ *Christopher C. Murray*
Christopher C. Murray, Ind. Bar No. 26221-49
OGLETREE, DEAKINS, NASH, SMOAK &
  STEWART, P.C.
111 Monument Circle, Suite 4600
Indianapolis, IN  46204
Tel:  (317) 916-1300
Fax:  (317) 916-9076
christopher.murray@ogletree.com

Michael J. Murphy (admitted *pro hac vice*)
Christopher E. Humber (admitted *pro hac vice*)
OGLETREE, DEAKINS, NASH, SMOAK &
  STEWART, P.C.
1909 K Street, N.W., Suite 1000
Washington, D.C.  20006
Phone:  (202) 887-0855
Fax:  (202) 887-0866
mike.murphy@ogletree.com
chris.humber@ogletree.com

***Attorneys for Defendant***

8

## CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2017, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's CM/ECF system:

MACEY SWANSON & ALLMAN
445 North Pennsylvania Street, Suite 401
Indianapolis, IN 46204
Tel:  (317) 637-2345
Fax:  (317) 637-2369
jmacey@maceylaw.com

Harold Lichten
Olena Savytska
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Tel:  (617) 994-5800
Fax:  (617) 994-5801
hlichten@llrlaw.com
osavytska@llrlaw.com

Sarah R. Schalman-Bergan
Eric Lechtzin
Camille Fundora
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Tel:  (215) 875-3000
Fax:  (215) 875-4604
sschalman-bergen@bm.net
elechtzin@bm.net
cfundora@bm.net

David M. Blanchard
BLANCHARD & WALKER, PLLC
221 N. Main Street, Suite 300
Ann Arbor, MI 48104
Tel:  (734) 929-4313
blanchard@bwlawonline.com

s/ Christopher C. Murray

31887178.2

9