UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AYODEJI OSHIKOYA, individually and on behalf of all others similarly situated, </br></br> Plaintiff, </br></br> v. </br></br> LEIDOS HEALTH, LLC, </br></br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) No. 1:17-cv-03237-RLM-DML |

### Order on Defendant's Motion to Stay Briefing on the Plaintiff's Motion for Conditional Certification

Defendant Leidos Health, LLC moves the court to stay briefing on the plaintiff's motion for conditional certification in favor of first allowing a period of discovery relating to certification issues. The plaintiff opposes the motion principally on the ground that Leidos's proposal is inconsistent with standards courts have adopted for deciding whether an FLSA opt-in class conditionally should be certified.

The court GRANTS the defendant's motion in part, but the court does not adopt the defendant's views that (1) the court must or will apply a "stringent" standard to the Section 216(b) certification question because some discovery is conducted before the certification question is decided; (2) the plaintiff will be precluded from proposing changes to the class definition or proposing sub-classes in response to any arguments made by the defendant in opposition to certification; or

(3) the court's certification decision cannot be re-evaluated at later stages in the case.

## Introduction

This case was recently transferred from the United States District Court for the Eastern District of Virginia. The plaintiff's complaint alleges that Leidos violates the Fair Labor Standards Act by misclassifying as independent contractors, and on that basis failing to pay overtime wages to, persons it hires to provide training services to Leidos's healthcare clients in the use of electronic recordkeeping systems. The plaintiff seeks to represent himself and "similarly situated" persons in a collective action under 29 U.S.C. § 216(b). The plaintiff also alleges that Leidos violated a Pennsylvania wage statute by misclassifying employees and failing to pay required overtime and seeks to represent a Rule 23 class for the state law claim.[1]

After the transfer, the plaintiff filed his motion for conditional certification of a Section 216(b) class. Leidos asks the court to stay briefing and ruling on that motion until the parties conduct discovery pertinent to the Section 216(b) certification issue (and discovery pertinent to a decision whether a Rule 23 class should be certified for the state law claim(s)). Leidos posits that allowing a period of discovery will result in a more efficiently-managed case. The plaintiff disagrees. To evaluate the parties' arguments, it is first helpful to address generally the Section 216(b) "certification" process.

---

[1] The plaintiff recently has filed a motion to amend his complaint to add plaintiffs and putative state law class action claims under other states' overtime wage laws. That motion has not yet been fully briefed.

## "Similarly Situated" Section 216(b) Actions

The FLSA allows an employee to sue his employer for violations of the overtime compensation provision and permits recovery of (i) the underpaid wages, (ii) an equal amount as liquidated damages, and (iii) reasonable attorneys' fees and costs. 29 U.S.C. § 216(b). It also permits an employee to bring an action "in behalf of himself . . . and other employees similarly situated," but "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id.* A suit that is brought on behalf of other employees is known as a "collective action." *Genesis Healthcare Corp. v. Symczyk,* 133 S. Ct. 1523, 1527 (2013). The FLSA does not itself contain any procedures for determining whether a collective action is appropriate, identifying persons who may be "similarly situated," or otherwise managing a collective action.

In *Hoffmann-La Roche Inc. v. Sperling,* 493 U.S. 165, 110 S. Ct. 482 (1989), the Supreme Court ruled that a district court has the discretion to implement the FLSA's provision allowing employees to opt in and consent to join a collective suit by ordering the defendant employer to supply the names and addresses of potential plaintiffs to whom court-approved notices can be sent advising of the suit and the employee's ability to consent in writing to join the suit. 493 U.S. at 169-70. Although the Court did not require a district court to exercise its discretion in any particular fashion, it ruled that a district court's facilitation of notice of the pending

collective action to potential plaintiffs was an appropriate way for a court to manage a collective action. The Court stated:

> [The] benefits [of a collective action] depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate. Section 216(b)'s affirmative permission for employees to proceed on behalf of those similarly situated must grant the court the requisite procedural authority to manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure. . . . It follows that, once [a collective action is filed], the court has a managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way.

493 U.S. at 170.

Neither the Supreme Court, nor the Seventh Circuit, has said more to denominate standards a district court should follow in exercising its managerial responsibility consistent with the requirements of the FLSA. But it is well-recognized by federal courts of appeal that a district court should determine whether to "certify" a collective action; and it is common for the certification process to proceed in two stages. The first stage is known as "conditional certification," the "sole consequence of [which] is the sending of court-approved written notice to employees, *Hoffmann-La Roche Inc. v. Sperling,* [493 U.S. 165, 170, 110 S. Ct. 482 (1989)], who in turn become parties to a collective action only by filing written consent with the court." *Genesis Healthcare,* 133 S. Ct. at 1532.

The second stage occurs at the close of discovery or immediately preceding trial and often is triggered by an employer's motion to decertify the lawsuit as a

4

collective action.[2] At that second stage, the court determines whether the plaintiffs (the persons who filed their written consents to opt in to the collective action) are in fact sufficiently similarly situated to be permitted to try their claims as a collective. *See, e.g., Morgan v. Family Dollar Stores, Inc.,* 551 F.3d 1233, 1261 (11th Cir. 2008) (describing the two-step procedure for district courts to manage FLSA collective actions in the pretrial phase, consisting of a conditional certification "notice stage" and a later more stringent certification stage where the plaintiff employee bears a heavier burden to show that he and the opt-in parties are similarly situated); *White v. Baptist Memorial Health Care Corp.,* 699 F.3d 869, 877 (6th Cir. 2012) (also describing same two-step process for district courts to follow); *Glatt v. Fox Searchlight Pictures, Inc.,* 811 F.3d 528, 540 (2nd Cir. 2015) (describing its endorsement of this same two-step process for certifying a collective action under the FLSA); *Zavala v. Wal-Mart Stores, Inc.,* 691 F.3d 527, 535-36 (3rd Cir. 2012) (adopting use of this same two-step approach and stating that while the two-step process is "nowhere mandated," it has "garnered wide acceptance").

Although the Seventh Circuit has not specifically addressed the process, district courts within the Seventh Circuit have regularly followed a two-step process without apparent controversy or objection. *See, e.g., Rochlin v. Cincinnati Ins. Co.,* 2003 WL 21852341 at *15-16 (S.D. Ind. July 8, 2003) (then-District Judge

---

[2] Decertification of a Section 216(b) collective is not necessarily triggered only by a decertification motion filed by a defendant. Sometimes the court, in conjunction with deciding summary judgment issues or engaged in final pre-trial activities, determines that the parties must address anew the propriety of maintaining a collective action.

Hamilton); *Clugston v. Shamrock Cartage and Spotting Services,* 2014 WL 5502455 at *2-3 (S.D. Ind. Oct. 30, 2014) (Judge Pratt); *Hawkins v. Alorica, Inc.,* 287 F.R.D. 431, 438-39 (S.D. Ind. 2012) (Judge Magnus-Stinson); *Campbell v. Advantage Sales & Mktg., LLC,* 2010 WL 3326752 at *3-4 (S.D. Ind. Aug. 24, 2010) (Judge McKinney); *Lallathin v. Ro Ro, Inc.,* 2010 WL 2640271 at *1 (S.D. Ind. June 28, 2010) (Judge Lawrence); *Austin v. CUNA Mut. Ins. Soc'y,* 232 F.R.D. 601, 604 (W.D. Wis. 2006); *Garza v. Chicago Transit Auth.,* 2001 WL 503036 at *2 (N.D. Ill. May 8, 2001).

The first step—conditional certification—generally is considered at the very outset of the FLSA case because it is appropriate and efficient for a court to provide an opt-in notice as early as reasonably possible in the life of the case. Often, then, the issue is addressed before any, or much, discovery has been undertaken. And because discovery has not significantly progressed, courts have applied a fairly lenient standard of proof for the FLSA plaintiff to meet to achieve conditional certification.

Courts have decided that the burden on the plaintiff at the first, *conditional,* certification stage is light, modest, and lenient, and generally requires only that some evidence be presented of a similar compensation arrangement for persons with similar job functions. *E.g., Champneys v. Ferguson Enterprises, Inc.,* 2003 WL 1562219 at *5-6 (S.D. Ind. March 11, 2003) (plaintiff need only make a modest showing that there exist others who are similarly situated; approving conditional certification where other employees had similar job functions and were

compensated in similar manner); *Glatt v. Fox Searchlight Pictures,* 811 F.3d 528, 540 (2nd Cir. 2015) ("At step one, the district court permits a notice to be sent to potential opt-in plaintiffs if the named plaintiffs make a modest factual showing that they and others together were victims of a common policy or plan that violated the law."); *Campbell,* 2010 WL 3326752 at *4 (S.D. Ind. Aug. 24, 2010) (conditional certification and notice appropriate where plaintiff presents some evidence that multiple persons were subject to the same illegal practice and had to perform similar job duties).

Where a sufficient period of discovery precedes the parties' presentation of arguments regarding Section 216(b) "similarly situated" status, courts have imposed a greater burden on the plaintiff to show that similarly situated persons exist to whom notice of the case and an opportunity to opt-in should be given. For example, as Judge Barker explained in *Armstrong v. Wheels Assured Delivery Sys., Inc.,* 2016 WL 1270208 at *5 (S.D. Ind. March 30, 2016), a conditional first-step process could be eliminated altogether if enough discovery has occurred or an "intermediate" level of scrutiny can be applied depending on the nature and scope of discovery conducted:

> In cases in which the conditional certification of a collective action is being considered following enough discovery to make clear that a certification would not be appropriate, the court 'can collapse the two stages of the analysis and deny certification outright.' *Purdham v. Fairfax County Pub. Schs.,* 629 F. Supp. 2d 544, 547 (E.D. Va. 2009); *accord Blaney v. Charlotte-Mecklenburg Hosp. Authority,* 2011 WL 4351631, at *4 (W.D.N.C. Sept. 16, 2011). At this in-between stage, when substantial discovery has been conducted but discovery is not yet complete, an intermediate level of scrutiny is appropriately applied by

7

the Court. *See, e.g., Bunyan v. Spectrum Brands, Inc.,* 2008 WL 2959932, at *3-4 (S.D. Ill. July 31, 2008).

Against this backdrop, the court finds that a period of discovery is appropriate and a stay of briefing should be imposed to accommodate that discovery. This does not determine the level of scrutiny that will ultimately be applied to the Section 216(b) certification question.

### **Period of Discovery and Stay**

The court now explains the reasons it has determined that a period of discovery is appropriate and why that determination does not necessarily have the consequences either Leidos or the plaintiff suggests it does.

1. It is efficient to address Section 216(b) "similarly situated" issues under the FLSA at the same time the court addresses whether plaintiff's state law wage claims should be certified as class claims under Rule 23. Although the determination whether persons are similarly situated sufficient for "certification" and notice under Section 216(b) is not necessarily the same as a "rigorous" Rule 23 class certification determination,³ it is efficient to decide the issues at about the same time so that notice, if a Section 216(b) class is "certified" and Rule 23(b)

---

³ The court does not decide here the extent to which efficiency and manageability concerns reflected in the Rule 23(a) and (b) factors are appropriate considerations in deciding "similarly situated" issues for a Section 216(b) claim. While the Seventh Circuit has noted, at least in connection with a Section 216(b) decertification analysis, that Rule 23 analyses are appropriate guideposts, it has never ruled that Rule 23 factors should or must be applied to a Section 216(b) certification/notice decision. *See Espenscheid v. DirectSat USA, LLC,* 705 F.3d 770, 772 (7th Cir. 2013).

classes are certified, can be sent at the same time and inform persons of the different procedures to follow (a) to be "in" a Section 216(b) class and (b) to be "out" of a Rule 23(b) class. *See Ervin v. OS Restaurant Servs., Inc.,* 632 F.3d 971, 978 (7th Cir. 2011) (addressing efficiency of advising persons of right to opt into an FLSA collective action and to opt out of a Rule 23 class action, and the consequences of each, at the same time).

    2.    The court does not determine here that a "lenient" or "intermediate" or "final" Section 216(b) certification standard will apply after discovery is conducted. That issue must be addressed by the parties in the further briefing of the plaintiff's Section 216(b) certification motion. It is possible that sufficient discovery will have been conducted for the court to make a final decision or to apply some intermediate level of scrutiny, but much may depend on the depth of discovery undertaken and provided. Leidos is not suggesting that full merits discovery should be conducted before certification is addressed (in fact it wants to avoid full merits discovery), but because full discovery will not have occurred, the court may be unable to make a final decision about the propriety of allowing a Section 216(b) "class." And certain discovery that may be relevant to a "similarly situated" inquiry may at the same time be disproportionate at this time in the case. In other words, some discovery may appropriately be delayed, but only if the plaintiff has some lighter burden on the certification/notice issue. The court cannot make these determinations in a vacuum, which is why the level of scrutiny ultimately applied will depend on the

depth and scope of the discovery that was conducted or was reasonably available to conduct.

3. The court does not prevent the plaintiff from arguing in response to the defendant's opposition to the certification of a Section 216(b) collective that sub-classes could be created or the class could be redefined to obviate the defendant's objections.

4. The limitations period for potential opt-in plaintiffs is TOLLED until it is determined whether a collective action is certified and, if so, the period for plaintiffs to opt in has expired.

5. The court hereby STAYS Leidos's deadline for responding to the plaintiff's motion for conditional certification and notice (at Dkt. 55) until **April 30, 2018.** The plaintiff's deadline for filing a motion to certify Rule 23 class(es) is **April 30, 2018.** A period for discovery focused on Section 216(b) "certification" and to certification of Rule 23 classes is now open and it closes on **April 9, 2018.** The parties must cooperate with one another to efficiently conduct this discovery. They must propound initial rounds of written discovery, if any, within 30 days of the entry of this order on the docket; must promptly address and attempt to resolve any discovery disputes; and must cooperate in scheduling any depositions so that they are completed by April 9, 2018. The plaintiff's reply brief on the Section 216(b) issue is due 28 days after service of Leidos's response. Leidos's brief in response to a Rule 23 certification motion is due 28 days after service of the plaintiff's opening brief, and the plaintiff's reply brief is due 14 days after service of the response brief.

If the plaintiff revises, or offers to revise, the class definitions in the reply brief(s), Leidos may seek to file a sur-reply to address that issue.

## Conclusion

Leidos's motion (Dkt. 60) to stay conditional certification briefing is GRANTED IN PART AND DENIED IN PART as provided in this order.

So ORDERED.

Dated: December 8, 2017

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record by email through the court's ECF system