## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

AYODEJI OSHIKOYA AND )
KEVIA WILSON, individually and on )    Civil Action No. 1:17-cv-03237-RLM-DM
behalf of all others similarly situated, )
　 )
　　　　　　　　　　　Plaintiffs, )
　 )
　　　v. )
　 )
LEIDOS HEALTH, LLC, )
　　　　　　　　　　　Defendant. )
_____ )

### FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiffs Ayodeji Oshikoya ("Oshikoya") and Kevia Wilson ("Wilson") (together, "Plaintiffs"), through their undersigned counsel, individually and on behalf of all others similarly situated, bring this First Amended Class and Collective Action Complaint  ("FAC") against Defendant Leidos Health, LLC ("Defendant" or "Leidos"). This FAC is to be filed with leave of the Court pursuant to FED. R. CIV. P. 15(a)(2), and it relates back to the date of the original pleading pursuant to FED. R. CIV. P. 15(c).

### PRELIMINARY STATEMENT

1.　　　　This is an action brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA") and Pennsylvania, North Carolina, and Massachusetts state law, seeking payment of back wages, including unpaid overtime wages in violation of state law. Plaintiffs and the Class Members (defined below) also seek their liquidated damages for the failure to pay wages, attorneys' fees and costs.

2.　　　　Plaintiffs allege that they and other similarly situated individuals were knowingly and improperly classified as independent contractors, and, as a result, did not receive overtime pay

for hours worked in excess of forty (40) in a workweek. The following allegations are based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others.

## JURISDICTION AND VENUE

3.      Jurisdiction over Plaintiffs' FLSA claims is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.      This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs state law claims because those claims derive from a common nucleus of operative facts.

5.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391, since Defendant maintains offices within this judicial district, in Westfield, Indiana, and a substantial part of the events giving rise to Plaintiffs' and Class Members' claims occurred within this judicial district.

## PARTIES

6.      Plaintiff Ayodeji Oshikoya is an individual residing in Grand Prairie, Texas. Oshikoya worked for Defendant providing support and training to Leidos' clients in using new electronic recordkeeping systems in Indiana, Michigan, North Carolina, and Pennsylvania between January 2013 and June 2016. Pursuant to 29 U.S.C. § 216(b), Oshikoya has consented in writing to participate in this action.

7.      Plaintiff Kevia Wilson is an individual residing in Charlotte, North Carolina. Wilson worked for Defendant providing support and training to Leidos' clients in using new electronic recordkeeping systems in North Carolina, Massachusetts, Pennsylvania, Texas, and Utah between April 2015 and November 2017. Pursuant to 29 U.S.C. § 216(b), Wilson has consented in writing to participate in this action.

8.      Defendant Leidos Health, LLC ("Defendant" or "Leidos") is a Delaware limited liability company providing information technology educational services for the healthcare industry across the country. Leidos maintains its offices in Westfield, Indiana.

9.      Leidos employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

10.     Leidos' annual gross volume of sales made or business done exceeds $500,000.

## CLASS DEFINITIONS

11.     Plaintiffs bring Count I of this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of themselves and the following class of potential FLSA opt-in litigants:

> All individuals who worked for Leidos providing training and support to Leidos' clients in using electronic recordkeeping systems in the United States from August 7, 2014 to the present and were classified as independent contractors (the "FLSA Collective").

12.     Plaintiffs bring Count II of this lawsuit pursuant to Fed. R. Civ. P. 23 on behalf of themselves and the following class:

> All individuals who worked for Leidos providing training and support to Leidos' clients in using electronic recordkeeping systems in Pennsylvania from August 7, 2014 to the present and were classified as independent contractors (the "Pennsylvania Class").

13.     Plaintiffs bring Count II of this lawsuit pursuant to Fed. R. Civ. P. 23 on behalf of themselves and the following class:

> All individuals who worked for Leidos providing training and support to Leidos' clients in using electronic recordkeeping systems in North Carolina from August 7, 2015 to the present and were classified as independent contractors (the "North Carolina Class").

14.     Plaintiff Wilson brings Count IV of this lawsuit pursuant to Fed. R. Civ. P. 23 on behalf of herself and the following class:

3

All individuals who worked for Leidos providing training and support to Leidos' clients in using electronic recordkeeping systems in Massachusetts from August 7, 2014 to the present and were classified as independent contractors (the "Massachusetts Class").

15.     The FLSA Collective and the Pennsylvania, North Carolina and Massachusetts Classes are together referred to as the "Classes."

16.     Plaintiffs reserve the right to redefine the Classes prior to notice and class certification, and thereafter, as necessary.

## FACTS

17.     As a leading healthcare information technology firm, Leidos provides training and support to medical facilities in connection with the implementation of new electronic recordkeeping systems. Leidos employs individuals such as Plaintiffs who perform such training and support services throughout the United States.

18.     Leidos' financial results are significantly driven by the number of individuals performing training and support services for Leidos' customers, and the fees that Leidos charges the customers for these services.

19.     Between January 2013 and June 2016, Oshikoya was assigned by Leidos to provide educational and support services to healthcare staff at Franciscan Health in Indianapolis, Indiana; Bronson Methodist Hospital in Kalamazoo, Michigan; Novant Health in Winston-Salem, North Carolina; University of North Carolina Hospital in Chapel Hill, North Carolina; and Allegheny Health Network in Pennsylvania.

20.     Between April 2015 and November 2017, Wilson was assigned by Leidos to provide educational and support services to healthcare staff at healthcare facilities in Boston, Massachusetts, Salt Lake City, Utah, North Carolina, Pennsylvania, and Texas.

21.     Prior to December 2014, Plaintiffs were classified as a non-exempt W-2 employees, and were paid time-and-a-half for all hours worked in excess of 40 a week.

22.     Between December 2014 and June 2016, Plaintiffs were classified as independent contractors and were paid solely on a straight hourly basis for hours worked in excess of forty a week.  Plaintiffs were paid only for the time billed to Leidos' customers, NOT for all overtime hours actually worked.

23.     Leidos improperly, wrongfully and illegally classified Plaintiffs and Class Members as independent contractors, when the economic reality of their position is that of an employee, and Leidos retains the right of control, and, in fact, actually does control their work.

**Plaintiffs and Members of the Classes are Employees as a Matter of Economic Reality**

24.     Work performed by Plaintiffs and Class Members is an integral part of Leidos' business. Leidos is in the business of providing information technology educational services to the healthcare industry. Plaintiffs and Class Members provide support and training to Leidos' clients in connection with the implementation of electronic recordkeeping systems.

25.     Plaintiffs' and Class Members' duties do not involve managerial work. They follow the training provided to them by Leidos in performing their work, which is basic training and support in using electronic recordkeeping systems.

26.     Plaintiffs and Class Members do not make any significant relative investments in relation to their work with Leidos. Leidos provides the training and equipment required to perform the functions of their work.

27.     Plaintiffs and Class Members have little or no opportunity to experience a profit or loss related to their employment. Leidos pays Plaintiffs and Class Members a fixed hourly rate.

Plaintiffs and Class Members do not share in Leidos' monetary success; their income from their work is limited to their hourly rate.

28.     Plaintiffs' and Class Members' work does not require special skills, judgment or initiative. Leidos provides training to Plaintiffs and Class Members, which they use to provide training and support to Leidos' clients.

29.     Plaintiffs and Class Members are economically dependent on Leidos. Plaintiffs and Class Members are entirely dependent upon Leidos for their business, as they are not permitted to perform services for any other company during their time working for Leidos.

30.     Plaintiffs and Class Members are not customarily engaged in an independently established trade, occupation, profession or business.

31.     Plaintiff and Class Members typically enter into successive projects for Leidos.  For example, Plaintiff Oshikoya worked on seven successive projects for Leidos.

32.     Plaintiffs and Class Members have little or no authority to refuse or negotiate Leidos' rules and policies; they must comply or risk discipline and/or termination.

33.     Leidos instructs Plaintiffs and Class Members concerning how to do their work and dictates the details of the performance of their jobs. For example:

a. Leidos, not Plaintiffs or Class Members, conducts all of the billing and invoicing to Leidos' clients for the work. Leidos bills the third-party customers directly;

b. Plaintiffs and Class Members have no control over what prices to charge, or the scheduling of shifts. All negotiations over the cost of the work are done directly between Leidos and the third-party client;

c. Leidos requires Plaintiffs and Class Members to work the entire project from inception to conclusion;

d. Leidos provides all training needed for Plaintiff and Class Members to perform their work; and

e. Leidos requires Plaintiffs and Class Members to perform in accordance with Leidos' policies, manuals, standard operating procedures and the third-party client's requirements.

34.     Plaintiffs and Class Members often work approximately twelve (12) hours per day, seven (7) days per week.

35.     Plaintiffs and Class Members have to request Leidos' approval for time off. Leidos has the discretion to grant or deny such requests.

**Plaintiffs and Members of the Classes are not Exempt as "Computer Employees" under the FLSA**

36.     Plaintiffs and Members of the Classes provide support and training to hospital staff in connection with electronic recordkeeping systems. Plaintiffs have no specialized training or certification in computer programming, software documentation and analysis, or testing of computer systems or programs. Plaintiffs and Members of the Classes were not working as, nor were they similarly skilled as computer systems analysts, computer programmers, or software engineers, as defined in 29 C.F.R. § 541.400(a).

37.     Plaintiffs' and Class Members' primary duties consist of training and aiding healthcare staff with using the new recordkeeping software. This type of user support is also known as "at the elbow." Plaintiffs' and Class Members' primary duties did not include the higher skills of the "application of systems analysis techniques and procedures," pursuant to 29 C.F.R. § 541.400(b)(1). Plaintiffs and Members of the Classes did not analyze, consult or determine hardware, software programs or any system functional specifications for Leidos' clients. *See id.*

38.     Plaintiffs and Members of the Classes did not consult with Leidos' customers to determine or recommend hardware specifications. Plaintiffs and Members of the Classes did not design, develop, document, analyze, create, test or modify a computer system or program, as defined in 29 C.F.R. § 541.400(b)(2).

39.     While Plaintiffs' and Class Members' "work was highly dependent upon, or facilitated by, the use of computers and computer software programs;" they were not "primarily engaged in computer systems analysis and programming." U.S. Dept. of Labor, Wage & Hour Div., Fact Sheet #17E: Exemption for Employees in Computer-Related Occupations under the Fair Labor Standards Act (FLSA). Plaintiffs and Members of the Classes provided support and training in using electronic recordkeeping systems to Leidos' clients.

**Plaintiffs and Members of the Classes Routinely Worked in Excess of 40 Hours a Week**

40.     Plaintiffs and Members of the Classes routinely worked in excess of forty (40) hours per workweek, but were not paid overtime compensation as required by the FLSA.

41.     Plaintiffs and Members of the Classes were often required to work twelve (12) hours a day, seven (7) days a week.

42.     For instance, while working for Leidos in Kalamazoo, Michigan, in January-February, 2015, Oshikoya and the other individuals assigned to the project worked, on average, twelve (12) hours a day, seven (7) days a week. Oshikoya was paid only a straight hourly rate during this time.

43.     Although Plaintiffs and Members of the Classes frequently were required, permitted, or encouraged to work more than forty (40) hours per week, starting in December 2014, Leidos failed to pay them one and one-half (1 ½) times their regular pay rate for hours worked in

excess of forty (40) hours per week, as required by the FLSA and Pennsylvania, North Carolina and Massachusetts law.

44.     Instead, between December 2014 and the present, Plaintiffs and Members of the Classes were paid a straight hourly rate for hours that they worked, regardless of whether they worked more than forty (40) hours in a week. Plaintiffs and Members of the Classes were not paid on a salary basis.

**Leidos Willfully Violated the FLSA**

45.     Leidos and its senior management had no reasonable basis to believe that Plaintiffs and the members of the FLSA Collective were exempt from the requirements of the FLSA. In fact, prior to December 2014, Plaintiffs were classified as non-exempt W-2 employees, and were paid time-and-a-half for all hours worked in excess of 40 a week. Rather, Leidos either knew or acted with reckless disregard of clearly applicable FLSA provisions in classifying Plaintiffs and the FLSA Collective Members as independent contractors and failing to pay them overtime. Such willfulness is demonstrated by, or may be reasonably inferred from, Leidos' actions and/or failures to act, including the following:

a.     At all times relevant hereto, Leidos maintained payroll records which reflected the fact that Plaintiffs and the FLSA Collective did, in fact, regularly work in excess of 40 hours per week, and thus, Leidos had actual knowledge that Plaintiffs and the FLSA Collective worked overtime;

b.     At all times relevant hereto, Leidos knew that it did not pay Plaintiffs and the FLSA Collective one and one-half (1 ½) times their regular pay rate for hours worked in excess of forty (40) hours per week;

c.     As evidenced by its own job offer letters and training materials for consultants, at

all times relevant hereto, Leidos was aware of the nature of the work performed by Plaintiffs and FLSA Collective Members, and, in particular, that such individuals worked exclusively at-the-elbow of healthcare workers employed by Leidos' clients, providing basic training and support;

d.  As evidenced by its own job offer letters and training materials for Plaintiffs and FLSA Collective Members, Leidos knew and understood that it was subject to the wage requirements of the FLSA as an "employer" under 29 U.S.C. § 203(d).

e.  At all times relevant hereto, Leidos was aware that Plaintiffs and FLSA Collective Members did not engage in: (i) computer systems analysis, computer programming, or software engineering, as defined in 29 C.F.R. § 541.400(a); (ii) the application of systems analysis techniques and procedures, as defined in 29 C.F.R. § 541.400(b)(1); or (iii) the design, development, analysis, creation, testing or modification of a computer system or program, as defined in 29 C.F.R. § 541.400(b)(2);

f.  Leidos lacked any reasonable or good faith basis to believe that Plaintiffs and FLSA Collective Members fell within any exemption from the overtime requirements of the FLSA. Rather, Leidos deliberately misclassified these individuals as exempt from the provisions of the FLSA in order to avoid paying them overtime compensation to which they were entitled;

g.  At all times relevant hereto, Leidos was aware that it would (and, in fact did) benefit financially by failing to pay Plaintiffs and the FLSA Collective Members one and one-half (1 ½) times their regular pay rate for hours worked in excess of forty (40) hours per week; and

10

      h.   Thus, Leidos had (and has) a strong financial motive to violate the requirements of the FLSA by misclassifying Plaintiffs and FLSA Collective Members as independent contractors.

46.    Based upon the foregoing, Leidos was cognizant that, or recklessly disregarded whether, its conduct violated the FLSA.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

47.    Plaintiffs bring this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Collective defined above.

48.    Plaintiffs desire to pursue FLSA claims on behalf of all individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

49.    Plaintiffs and the FLSA Collective Members are "similarly situated" as that term is used in 29 U.S.C. § 216(b) because, *inter alia*, all such individuals have been subject to Leidos' common business and compensation practices as described herein, and, as a result of such practices, have been misclassified as independent contractors and have not been paid the full and legally mandated overtime premium for hours worked over forty (40) during the workweek. Resolution of this action requires inquiry into common facts, including, *inter alia*, Leidos' common misclassification, compensation, and payroll practices.

50.    The FLSA requires non-exempt hourly employees to be compensated at a rate of 1.5 times the regular hourly rate for all hours worked over 40 in a week.

51.    Between December 2014 and the present, Leidos misclassified Plaintiffs and FLSA Collective Members as independent contractors and only paid them a regular hourly rate ("straight time") for hours over forty and only for hours actually billed to Leidos' clients.

52.     The similarly situated employees are known to Leidos, are readily identifiable, and can easily be located through Leidos' business and human resources records.

53.     Leidos employs many FLSA Collective Members throughout the United States. These similarly situated employees may be readily notified of this action through U.S. Mail and/or other means, and allowed to opt in to this action pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest) and attorneys' fees and costs under the FLSA.

**COUNT I**
**FLSA – Overtime Wages**
**(On Behalf of Plaintiffs and the FLSA Collective)**

54.     All previous paragraphs are incorporated as though fully set forth herein.

55.     The FLSA defines "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to an employee..." 29 U.S.C. § 203(d).

56.     Leidos is subject to the wage requirements of the FLSA because Leidos is an "employer" under 29 U.S.C. § 203(d).

57.     At all relevant times, Leidos has been an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

58.     During all relevant times, Plaintiffs and the FLSA Collective Members have been covered employees entitled to the above-described FLSA's protections. *See* 29 U.S.C. § 203(e).

59.     Plaintiffs and the FLSA Collective are not exempt from the requirements of the FLSA.

60.     Plaintiffs and the FLSA Collective Members are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. §

207(a)(1).

61.     Between December 2014 and the present, Leidos, pursuant to its policies and practices, failed and refused to pay overtime premiums to Plaintiffs and the FLSA Collective members for all their overtime hours worked by misclassifying Plaintiffs and the FLSA Collective as independent contractors, thereby exempting them from the requirements of the FLSA.

62.     Leidos knowingly failed to compensate Plaintiffs and the FLSA Collective Members at a rate of one and one-half (1 ½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1).

63.     In violating the FLSA, Leidos acted willfully and with reckless disregard of clearly applicable FLSA provisions.

64.     In violating the FLSA, on information and belief, Leidos did not have any good faith basis to rely on any legal opinion or advice to the contrary.

## PENNSYLVANIA CLASS ACTION ALLEGATIONS

65.     Plaintiffs bring Count II of this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and the Pennsylvania Class defined above.

66.     The members of the Pennsylvania Class are so numerous that joinder of all members is impracticable. Upon information and belief, there are more than forty (40) members of the Pennsylvania Class.

67.     Plaintiffs will fairly and adequately represent and protect the interests of the Pennsylvania Class because there is no conflict between the claims of Plaintiffs and those of the Pennsylvania Class, and Plaintiffs' claims are typical of the claims of the Pennsylvania Class. Plaintiffs' counsel are competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases like this one.

68.     There are questions of law and fact common to the proposed Pennsylvania Class, which predominate over any questions affecting only individual Class Members, including, without limitation, whether Leidos has violated and continues to violate Pennsylvania law through its policy or practice of misclassifying consultants as independent contractors, and thereby failing to pay them overtime compensation.

69.     Plaintiffs' claims are typical of the claims of the Pennsylvania Class Members in the following ways, without limitation: (a) Plaintiffs are members of the Pennsylvania Class; (b) Plaintiffs' claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the Pennsylvania Class; (c) Plaintiffs' claims are based on the same legal and remedial theories as those of the Pennsylvania Class and involve similar factual circumstances; (d) there are no conflicts between the interests of Plaintiffs and the Pennsylvania Class Members; and (e) the injuries suffered by Plaintiffs are similar to the injuries suffered by the Pennsylvania Class Members.

70.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Pennsylvania Class predominate over any questions affecting only individual Class Members.

71.     Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Pennsylvania Class Members are readily

14

identifiable from Leidos' own records. Prosecution of separate actions by individual members of the Pennsylvania Class would create the risk of inconsistent or varying adjudications with respect to individual Pennsylvania Class Members that would establish incompatible standards of conduct for Leidos.

72.     A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Further, the amounts at stake for many of the Pennsylvania Class Members, while substantial, are not great enough to enable them to maintain separate suits against Leidos.

73.     Without a class action, Leidos will retain the benefit of its wrongdoing, which will result in further damages to Plaintiffs and the Pennsylvania Class. Plaintiffs envision no difficulty in the management of this action as a class action.

**COUNT II**
**Violation of the Pennsylvania Minimum Wage Act**
**(On Behalf of Plaintiffs and the Pennsylvania Class)**

74.     All previous paragraphs are incorporated as though fully set forth herein.

75.     The Pennsylvania Minimum Wage Act of 1968 ("PMWA") requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which they are employed. *See* 43 P.S. § 333.104(c) and 34 Pa. Code § 231.41.

76.     Leidos is subject to the overtime requirements of the PMWA because Leidos is an employer under 43 P.S. § 333.103(g).

77.     During all relevant times, Plaintiffs and the Pennsylvania Class Members were covered employees entitled to the above-described PMWA's protections. *See* 43 P.S. § 333.103(h).

78.     Leidos'   compensation   scheme   that   was   applicable   to   Plaintiffs   and   the

Pennsylvania Class Members between December 2014 and the present failed to comply with either 43 P.S. § 333.104(c) or 34 Pa. Code § 231.41.

79.    The PMWA does not contain an exemption from overtime pay for any type of computer employees. *See* 43 P.S. § 333.105.

80.    Leidos failed to compensate Plaintiffs and the Pennsylvania Class Members at a rate of one and one-half (1 ½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 43 P.S. § 333.104(c) and 34 Pa. Code § 231.41.

81.    Pursuant to 43 P.S. § 333.113, employers, such as Leidos, who fail to pay an employee wages in conformance with the PMWA shall be liable to the employee for the wages or expenses that were not paid, court costs and attorneys' fees incurred in recovering the unpaid wages.

## NORTH CAROLINA CLASS ACTION ALLEGATIONS

82.    Plaintiffs bring Count III of this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and the North Carolina Class defined above.

83.    The members of the North Carolina Class are so numerous that joinder of all members is impracticable. Upon information and belief, there are more than forty (40) members of the North Carolina Class.

84.    Plaintiffs will fairly and adequately represent and protect the interests of the North Carolina Class because there is no conflict between the claims of Plaintiffs and those of the North Carolina Class, and Plaintiffs' claims are typical of the claims of the North Carolina Class. Plaintiffs' counsel are competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases like this one.

85.    There are questions of law and fact common to the proposed North Carolina Class,

which predominate over any questions affecting only individual Class Members, including, without limitation, whether Leidos has violated and continues to violate Pennsylvania law through its policy or practice of misclassifying consultants as independent contractors, and thereby failing to pay them overtime compensation.

86.     Plaintiffs' claims are typical of the claims of the North Carolina Class Members in the following ways, without limitation: (a) Plaintiffs are members of the North Carolina Class; (b) Plaintiffs' claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the North Carolina Class; (c) Plaintiffs' claims are based on the same legal and remedial theories as those of the North Carolina Class and involve similar factual circumstances; (d) there are no conflicts between the interests of Plaintiffs and the North Carolina Class Members; and (e) the injuries suffered by Plaintiffs are similar to the injuries suffered by the North Carolina Class Members.

87.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the North Carolina Class predominate over any questions affecting only individual Class Members.

88.     Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The North Carolina Class Members are readily identifiable from Leidos' own records. Prosecution of separate actions by individual members of

the North Carolina Class would create the risk of inconsistent or varying adjudications with respect to individual North Carolina Class Members that would establish incompatible standards of conduct for Leidos.

89.     A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Further, the amounts at stake for many of the North Carolina Class Members, while substantial, are not great enough to enable them to maintain separate suits against Leidos.

90.     Without a class action, Leidos will retain the benefit of its wrongdoing, which will result in further damages to Plaintiffs and the North Carolina Class. Plaintiffs envision no difficulty in the management of this action as a class action.

### Count III
### Violation of NCWHA
### (On Behalf of Plaintiffs and the North Carolina Class)

91.     All previous paragraphs are incorporated as though fully set forth herein.

92.     Count IX arises from Defendant's policy of suffering or permitting Plaintiffs and the North Carolina Class Members to work without timely paying all promised and earned wages for all hours worked in violation of N.C. Gen. Stat. §§ 95-25.6.

93.     Leidos violated N.C. Gen. Stat. §§ 95-25.6 by failing to pay Plaintiffs and North Carolina Class Members all promised and earned wage payments on the employees' regular payday for all hours worked.

94.     Leidos' violation of the NCWHA was willful.

### MASSACHUSETTS CLASS ACTION ALLEGATIONS

95.     Plaintiff Wilson brings Count IV of this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and the Massachusetts Class defined above.

18

96.     The members of the Massachusetts Class are so numerous that joinder of all members is impracticable. Upon information and belief, there are more than forty (40) members of the Massachusetts Class.

97.     Plaintiff Wilson will fairly and adequately represent and protect the interests of the Massachusetts Class because there is no conflict between the claims of Plaintiff Wilson and those of the Massachusetts Class, and Plaintiff Wilson's claims are typical of the claims of the Massachusetts Class. Plaintiffs' counsel are competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases like this one.

98.     There are questions of law and fact common to the proposed Massachusetts Class, which predominate over any questions affecting only individual Class Members, including, without limitation, whether Leidos has violated and continues to violate Massachusetts law through its policy or practice of misclassifying consultants as independent contractors, and thereby failing to pay them overtime compensation.

99.     Plaintiff Wilson's claims are typical of the claims of the Massachusetts Class Members in the following ways, without limitation: (a) Plaintiff Wilson is a member of the Massachusetts Class; (b) Plaintiff Wilson's claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the Massachusetts Class; (c) Plaintiff Wilson's claims are based on the same legal and remedial theories as those of the Massachusetts Class and involve similar factual circumstances; (d) there are no conflicts between the interests of Plaintiff Wilson and the Massachusetts Class Members; and (e) the injuries suffered by Plaintiff Wilson are similar to the injuries suffered by the Massachusetts Class Members.

100.    Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Massachusetts Class predominate over any questions affecting only

individual Class Members.

101.    Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Massachusetts Class Members are readily identifiable from Leidos' own records. Prosecution of separate actions by individual members of the Massachusetts Class would create the risk of inconsistent or varying adjudications with respect to individual Massachusetts Class Members that would establish incompatible standards of conduct for Leidos.

102.    A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Further, the amounts at stake for many of the Massachusetts Class Members, while substantial, are not great enough to enable them to maintain separate suits against Leidos.

103.    Without a class action, Leidos will retain the benefit of its wrongdoing, which will result in further damages to Plaintiff Wilson and the Massachusetts Class. Plaintiff Wilson envisions no difficulty in the management of this action as a class action.

**COUNT IV**
**Violation of Massachusetts Wage Laws**
**(Brought on Behalf of Plaintiff Wilson and the Massachusetts Class)**

104.    All previous paragraphs are incorporated as though fully set forth herein.

105.    The Massachusetts Overtime Law does not contain an exemption from overtime

20

pay for any type of computer employees.  *See* Mass. Gen. L. c. 151 § 1A.

106.   Defendant's conduct, as set forth above, in failing to pay Plaintiff Wilson and Massachusetts Class Members overtime wages which they earned as a result of their employment violates the Massachusetts overtime law, Mass. Gen. L. c. 151 §§ 1, 1A.  This claim is brought pursuant to Mass. Gen. L. c. 151 § 1B.

107.   Pursuant to the requirements of Mass. Gen. L. c. 149, § 150, Plaintiff Wilson filed an administrative complaint with the office of the Massachusetts Attorney General on November 16, 2017.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seek the following relief on behalf of themselves and the Members of the Classes:

   a.  An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

   b.  Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential members of the FLSA Collective;

   c.  An order permitting this litigation to proceed as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the Pennsylvania Class;

   d.  An order permitting this litigation to proceed as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the North Carolina Class;

   e.  An order permitting this litigation to proceed as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the Massachusetts Class;

   f.  An order appointing Plaintiffs' attorneys as Class Counsel;

   g.  Back pay damages (including unpaid overtime compensation and unpaid wages) and prejudgment interest to the fullest extent permitted under the law;

   h.  Liquidated damages to the fullest extent permitted under the law;

   i.  Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

j.   Such other and further relief as this Court deems just and proper.

Dated: December 18, 2017                Respectfully Submitted,

                                        /s/Olena Savytska_____
                                        Harold Lichten
                                        Olena Savytska
                                        LICHTEN & LISS-RIORDAN, P.C.
                                        729 Boylston Street, Suite 2000
                                        Boston, MA 02116
                                        Tel:  (617) 994-5800
                                        Fax:  (617) 994-5801
                                        hlichten@llrlaw.com
                                        osavytska@llrlaw.com

                                        Jeffrey A. Macey
                                        MACEY SWANSON LLP
                                        445 North Pennsylvania Street, Suite 401
                                        Indianapolis, IN 46204
                                        Tel:  (317) 637-2345
                                        Fax:  (317) 637-2369
                                        jmacey@maceylaw.com

                                        Shanon J. Carson
                                        Sarah R. Schalman-Bergen
                                        Eric Lechtzin
                                        Alexandra K. Piazza
                                        BERGER & MONTAGUE, P.C.
                                        1622 Locust Street
                                        Philadelphia, PA 19103
                                        Tel:  (215) 875-3000
                                        Fax:  (215) 875-4604
                                        scarson@bm.net
                                        sschalman-bergen@bm.net
                                        elechtzin@bm.net
                                        apiazza@bm.net

David M. Blanchard
BLANCHARD & WALKER, PLLC
221 N. Main Street, Suite 300
Ann Arbor, MI 48104
Tel:  (734) 929-4313
blanchard@bwlawonline.com

**CERTIFICATE OF SERVICE**

I, Olena Savytska, hereby certify that on this 18th day of December, 2017, I filed the

foregoing document with this Court using the CM/ECF. This system sends notifications of such

filing and service to all counsel of record.

/s/Olena Savytska
Olena Savytska