# EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | |
|---|---|
| AYODEJI OSHIKOYA and KEVIA WILSON, individually and on behalf of all others similarly situated,<br><br>                   Plaintiffs,<br><br>   v.<br><br>LEIDOS HEALTH, LLC,<br><br>                   Defendant. | No. 1:17-cv-03237-RLM-DLP |

## SETTLEMENT AGREEMENT AND RELEASE

1.     This Settlement Agreement and Release (the "Settlement Agreement," "Settlement" or "Agreement") is entered into between Plaintiffs Ayodeji Oshikoya and Kevia Wilson (together, the "Named Plaintiffs"), individually and on behalf of all other similarly-situated persons, and Defendant Leidos Health, LLC ("Leidos or "Defendant"), subject to the approval of the Court. Named Plaintiffs and Defendant may be referred to collectively as the "Parties."

## RECITALS

2.     Plaintiff Oshikoya filed a Class and Collective Action Complaint on August 8, 2017 in the Eastern District of Virginia alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA") and Pennsylvania state law by failing to pay Plaintiff Oshikoya and similarly situated Consultants an overtime premium for hours worked in excess of 40 hours per week (the "Action", Doc. 1).

3.     Defendant filed its Answer and Affirmative Defenses on September 5, 2017. (Doc. 24.) Defendant thereafter moved to transfer this case to the Southern District of Indiana on September 5, 2017. (Doc. 29.) Plaintiff Oshikoya did not oppose the motion, and this case was transferred to this District from the Eastern District of Virginia on September 11, 2017. (Doc. 34.)

4.     On November 2, 2017, Plaintiffs filed a Motion for Conditional Certification and Notice Pursuant to 29 U.S.C. § 216(b). (Doc. 55.) Plaintiffs sought leave to distribute court-approved notice and opt-in forms to a collective consisting of "[a]ll individuals who worked for Leidos Health, LLC [] providing training and support to Leidos' clients in using electronic recordkeeping systems in the United States during the past three years and were classified as independent contractors []."

5.     On November 6, 2018, Defendant moved to stay briefing on Plaintiff's Motion for Conditional Certification until after an initial period of discovery focused on whether the case was appropriate for certification as a class or collective action. (Doc. 60). On December 8, 2017, the

Court granted Defendant's motion in part and stayed conditional certification briefing until after an initial period of discovery focused on issues related to class and conditional certification. Doc. 77. The Court also tolled the FLSA limitations period for potential opt-in Plaintiffs until after the motion for conditional certification was decided. *Id.*

6.      On December 18, 2017, Plaintiffs Oshikoya and Wilson filed a First Amended Class and Collective Action Complaint adding Plaintiff Wilson as a named Plaintiff and adding state law claims under the laws of the states of Massachusetts and North Carolina. (Doc. 82.) On January 3, 2018, Defendant filed its Answer and Affirmative Defenses to Plaintiffs' First Amended Complaint. (Doc. 87.) The parties subsequently engaged in extensive document discovery regarding issues related to class and conditional certification.

7.      On June 15, 2018, the Court stayed this action while the Parties participated in an alternative dispute resolution ("ADR") process. The parties participated in a full day of in-person mediation before an experienced mediator, Carol Katz, Esq., in Philadelphia, Pennsylvania, on July 31, 2018. (Doc. 109.) Prior to the mediation, Defendant provided Named Plaintiffs with electronic time and pay records for the potential class, which Class Counsel reviewed and analyzed. Class counsel also engaged in an intensive effort to conduct detailed interviews of the Named Plaintiffs and Opt-in Plaintiffs (as defined below).

8.      On October 9, 2018, the Parties participated in a second full day of in-person mediation before an experienced mediator, Anne Marie Estevez, Esq. in Philadelphia, Pennsylvania.

9.      As a result of the mediations, the Parties have agreed to settle the Action according to the terms of this Settlement Agreement.

10.     In conjunction with seeking approval of the Settlement, Named Plaintiffs will file a Second Amended Complaint ("Second Amended Complaint") pursuant to Fed. R. Civ. P. 15(a)(2) asserting additional Rule 23 state law classes for the states of Utah and Michigan, and removing the state law class for the state of Massachusetts. Defendant will not object on procedural grounds to the filing of a Second Amended Complaint.

11.     Class Counsel has made a thorough and independent investigation of the facts and law relating to the allegations in the Action and in the Second Amended Complaint. In agreeing to this Settlement Agreement, Named Plaintiffs have considered: (a) the facts developed during discovery and the Parties' mediation process and the law applicable thereto, including Defendant's proffer of complete records of hours and workweeks worked for all putative class members; (b) the attendant risks of continued litigation and the uncertainty of the outcome of the claims alleged against Defendant; and (c) the desirability of consummating this Settlement according to the terms of this Settlement Agreement. Named Plaintiffs have concluded that the terms of this Settlement are fair, reasonable and adequate, and that it is in the best interests of Named Plaintiffs, the Opt-in Plaintiffs and the Settlement Class (as defined below) to settle their claims against Defendant pursuant to the terms set forth herein.

12.     Defendant denies the allegations in the Action and in the Second Amended Complaint and denies that it has misclassified any Consultant or any other person who worked for

2

Defendant. Defendant further denies any liability for alleged failure to pay overtime compensation or any alleged wage payment, wage and hour or similar violation. Defendant is entering into this Agreement for the purpose of eliminating the burden, risk, and expense of further litigation. This Settlement Agreement and all related documents are not and shall not be construed as an admission by Defendant or any of the Releasees (as defined below) of any fault, liability or wrongdoing, which Defendant expressly denies.

13.     The Parties recognize that notice to the Settlement Class of the material terms of this Settlement, as well as Court approval of this Settlement, are required to effectuate the Settlement, and that the Settlement will not become operative until the Court grants final approval of it, Settlement becomes Final and the Settlement Effective Date occurs.

14.     The Parties stipulate and agree that, for settlement purposes only, the requisites for establishing collective action certification under the FLSA pursuant to 29 U.S.C. § 216(b), and class certification pursuant to FED. R. CIV. P. 23(a) and (b)(3) are met with respect to the Settlement Class defined below. Should this Settlement not become Final, such stipulation to conditional certification and class certification shall become null and void and shall have no bearing on, and shall not be admissible in connection with, the issue of whether or not conditional certification or class certification would be appropriate in a non-settlement context. Defendant denies that class and/or collective action treatment is appropriate in the litigation context or for trial.

15.     In consideration of the foregoing and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by each party to the other, IT IS HEREBY AGREED, by and between the undersigned, subject to the final approval of the Court and the other conditions set forth herein, that Named Plaintiffs', Opt-in Plaintiffs' and the Settlement Class Members' (as defined below) claims as described herein and set forth in the Second Amended Complaint against Defendant shall be settled, compromised and dismissed, on the merits and with prejudice, and that the Settling Class Members' Released Claims (as defined below) shall be finally and fully compromised, settled and dismissed as to the Defendant and Releasees, in the manner and upon the terms and conditions set forth below.

## DEFINITIONS

16.     The following terms used in this Settlement Agreement shall have the meanings ascribed to them below:

a.      "Action" means the above captioned Action.

b.      "CAFA Notice" means the notice to be sent by Defendant to appropriate federal and state officials pursuant to the requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b) ("CAFA"), within ten (10) business days after the submission of this Settlement Agreement to the Court. A copy of any CAFA Notice shall be provided to Class Counsel.

c.      "Class Counsel" means Berger Montague PC, Lichten & Liss-Riordan, P.C., and Blanchard & Walker PLLC.

d.      "Claim Form" means the form attached hereto as Exhibit B, subject to the

3

approval of the Court.

      e.    "Consultant" means an individual who, personally or through a corporation or other business entity owned in whole or in part by the Consultant, contracted directly with Leidos Health, LLC to perform go-live consulting work for customers of Leidos Health, LLC; who worked more than forty (40) hours in at least one workweek while performing such work between August 8, 2014 and October 31, 2018; and who was classified by Leidos Health, LLC as an independent contractor while performing such work.

      f.    "Court" means the United States District Court for the Southern District of Indiana.

      g.    "Defendant" means Leidos Health, LLC.

      h.    "Defendant's Counsel" means Ogletree Deakins Nash, Smoak & Stewart, P.C.

      i.    "Eligible Class Member" means (i) Named Plaintiffs; (ii) Opt-in Plaintiffs, and (iii) all Settlement Class Members who return a timely and valid Claim Form.

      j.    "Effective Date" means the first business day after the Court's Final Approval Order becomes Final (*i.e.*, 30 days after the Final Approval Order is issued if there is no appeal).

      k.    "Final" shall mean, with respect to a judgment or order, that the judgment or order is final and appealable and either (a) no appeal, motion, or petition to review or intervene has been taken with respect to the judgment or order as of the date on which all times to appeal, move, or petition to review or intervene therefrom have expired, or (b) if an appeal, motion or petition to intervene or other review proceeding of the judgment or order has been commenced, such appeal, motion or petition to intervene or other review is finally concluded and no longer is subject to review by any court, whether by appeal, petitions for rehearing or re-argument, petitions for rehearing *en banc*, petitions for writ of certiorari or otherwise, and such appeal or other review has been finally resolved in such manner that affirms the judgment or order in its entirety.

      l.    "Fee Award" means the award of attorneys' fees that the Court authorizes to be paid to Class Counsel for the services they rendered to Named Plaintiffs and the Settlement Class in the Action.

      m.    "Final Approval" or "Final Approval Order" means the Court's Final Approval Order approving the Settlement and entering judgment.

      n.    "Final Approval Hearing" means the hearing to be held by the Court to consider the final approval of the Settlement.

      o.    "Gross Settlement Amount" means the total, all-inclusive non-reversionary maximum amount that Defendant shall pay in connection with this Settlement, in exchange for the release of the Settling Class Members' Released Claims and other consideration described herein, and shall include, subject to Court approval, the Fee Award, an award of litigation costs to Class

Counsel, Service Awards, Settlement Awards, and settlement administration costs. The Gross Settlement Amount is the gross sum of Six Million and One Hundred Thousand Dollars and Zero Cents ($6,100,000.00). In no event shall (i) the Gross Settlement Amount exceed this sum; or (ii) shall Defendant be required to pay more than the Gross Settlement Amount in connection with the Settlement.

        p.     "Initial Mailing" is defined in Section 23(e) below.

        q.     "Named Plaintiffs" means Ayodeji Oshikoya and Kevia Wilson.

        r.     "Net Settlement Amount" means the Gross Settlement Amount less: (i) Ten Thousand Dollars ($10,000.00) for each of the Named Plaintiffs (Ayodeji Oshikoya and Kevia Wilson), for their efforts in bringing and prosecuting this matter ("Service Awards"); (ii) the payment of the Fee Award, not to exceed one-third (1/3) of the Gross Settlement Amount, plus the payment of out-of-pocket costs incurred by Class Counsel, which currently are estimated to be $20,004.16; and (iii) the costs related to administering this Settlement, not to exceed Thirty Thousand Dollars ($30,000.00). The Parties acknowledge that all of these amounts are subject to the Court's approval.

        s.     "Notice Deadline" means the date sixty (60) days after the Settlement Notice and Claim Form are initially mailed by Class Counsel to the Settlement Class. Except as otherwise provided in this Agreement, Settlement Class Members shall have until the Notice Deadline to submit their Claim Form, object to, or opt out of the Settlement.

        t.     "Opt-in Plaintiffs" means individuals, who at the time of Preliminary Approval, already submitted an Opt-in Consent Form to join this Action.

        u.     "Parties" means the parties to this Agreement, Named Plaintiffs and Defendant.

        v.     "Preliminary Approval" or "Preliminary Approval Order" means the Court's Preliminary Approval Order preliminarily approving the terms and conditions of this Agreement.

        w.     "Releasees" means Defendant Leidos Health, LLC and its present and former parent companies, subsidiaries, affiliates, divisions, and joint ventures, and all of its and their past and present shareholders, officers, directors, employees, agents, servants, owners, members, investors, executors, administrators, general partners, limited partners, real or alleged alter egos, predecessors, successors, transferees, assigns, registered representatives, attorneys, insurers, partners, profit sharing, savings, health and other employee benefit plans of any nature, the successors of such plans and those plans' respective trustees, administrators, agents, employees, attorneys, fiduciaries, and other persons acting on its or their behalf, and each of them, and the predecessors and successors, assigns and legal representatives of all such entities and individuals.

        x.     "Settlement Award" means the payment that each Eligible Class Member shall be entitled to receive pursuant to the terms of this Agreement.

y.     "Settlement Class" or "Settlement Class Member" means all Consultants, including the Named Plaintiffs and all Opt-in Plaintiffs. The term "Settlement Class Member" does not include individuals who were assigned to perform go-live consulting work for customers of Leidos Health, LLC by MedFirst Consulting Healthcare Staffing, LLC or Rezult Group or individuals who file timely and valid requests to be excluded from the Settlement. Defendant has produced data confirming that there were 1,090 members of the Settlement Class including Plaintiffs, up to June 8, 2018. Plaintiffs have relied on this number in agreeing to the Settlement.

z.     "Settling Class Members" means all Settlement Class Members who performed work in Michigan, North Carolina, Utah, and Pennsylvania and who do not file timely and valid exclusion requests from the Settlement. Named Plaintiffs are included within the term Settling Class Members.

aa.     "Settling Class Members' Released Claims" is defined below in Paragraph 20.

bb.     "Settlement Notice" means the Notice of Class Action Settlement to the Settlement Class substantially in the form as Exhibit A attached hereto or as approved by the Court.

## RELEASES

17.     In exchange for the consideration set forth in this Settlement Agreement, Named Plaintiffs and Settling Class Members agree to release all claims as set forth herein as applicable.

18.     The Parties acknowledge and agree that, with the exception of the Named Plaintiffs, only Eligible Class Members who are issued a Settlement Award check shall release their FLSA claims against Defendant and Releasees. Named Plaintiffs shall be deemed to have released their FLSA and state law claims upon Final Approval.

19.     **Named Plaintiffs' Released Claims:** Upon Final Approval of the Settlement Agreement, Named Plaintiffs shall and hereby do release and discharge Defendant and all other Releasees finally, forever and with prejudice, from any and all causes of action, claims, rights, damages of any nature, penalties, liabilities, expenses, losses, and issues of any kind or nature whatsoever, whether known or unknown, that Named Plaintiffs have or may have against Releasees that arose prior to the date on which they execute this Agreement, including without limitation any claims arising under the FLSA and any claims that were or could have been asserted in the Second Amended Complaint based on the facts alleged for alleged unpaid wages, overtime compensation, liquidated or other damages, unpaid costs, restitution or other compensation or relief arising under Pennsylvania, North Carolina, Utah, and Michigan wage and hour laws, or state common law claims (including unjust enrichment or quantum meruit), beginning from the longest applicable statute of limitations period through the date of execution of this Agreement ("Named Plaintiffs' Released Claims"). Named Plaintiffs acknowledge that they may have claims that are presently unknown based on actions that took place prior to the date they execute this Agreement and that the release of Named Plaintiffs' Released Claims contained in this Settlement Agreement is intended to and will fully, finally, and forever discharge all claims against Defendant and Releasees, whether now asserted or not asserted, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, which if known, might have affected their

6

decision to enter this release. Named Plaintiffs agree that, although they may discover facts in addition to or different from those that are currently known or believed to be true with respect to Named Plaintiffs' Released Claims, it is their intention to fully, finally, and forever settle and release any and all Named Plaintiffs' Released Claims, without regard to the subsequent discovery or existence of such additional or different facts.

20.   **Settling Class Members' Released Claims:** Upon Final Approval of the Settlement Agreement, all Settling Class Members shall and hereby do release and discharge, Leidos and all Releasees, finally, forever and with prejudice, from any and all claims, obligations, demands, actions, rights, causes of action and liabilities, whether known or unknown, against Releasees that were or could have been asserted in the Second Amended Complaint based on the facts alleged for alleged unpaid wages, overtime compensation, liquidated or other damages, unpaid costs, restitution or other compensation or relief arising under Pennsylvania, North Carolina, Utah, and Michigan wage and hour laws, or state common law claims (including unjust enrichment or quantum meruit), beginning from the longest applicable statute of limitations period through January 31, 2019.

21.   **Eligible Class Members' Released Claims:** Upon Final Approval of this Settlement Agreement, all Eligible Class Members who are issued a Settlement Award check shall and hereby do release and discharge, Leidos and all Releasees, finally, forever and with prejudice, from any and all causes of action, claims, rights, damages, punitive or statutory damages, penalties, liabilities, expenses and losses and issues of any kind or nature whatsoever, whether known or unknown, against Leidos or Releasees that were or could have been asserted in the Second Amended Complaint based on the facts alleged and that arose prior to January 31, 2019. The claims described in this paragraph include, but are not limited to, statutory, constitutional, contractual or common law wage, wage and hour claims for wages, damages, unpaid costs or expenses, penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief, arising out of or based upon alleged violations of the FLSA, 29 U.S.C. §§ 201, *et seq.*, and any similar, related or derivative state law claims. Settling Class Members' Released Claims shall include the release set forth in this paragraph only when the Settling Class Member has become an Eligible Class Member and is issued a Settlement Award check. Defendant agrees that participation in the settlement and release of the Settling Class Members' Released Claims may not be used to assert collateral estoppel, *res judicata*, waiver or any other claim preclusion of FLSA claims or other claims not included in the Settling Class Members' Released Claims with respect to individuals who did not specifically release those FLSA or other claims in this Agreement.

22.   **Release Language on Settlement Checks.** Class Counsel shall include the following release language on the back of each Settlement Award check:

> By signing or cashing this check, I affirm my release of Leidos Health LLC and all Releasees of all Settling Class Members' Released Claims as defined in the Settlement Agreement approved by the Court in *Oshikoya v. Leidos Health, LLC*, No. 1:17-cv-03237 (S.D. Ind.). I affirm that I will not sue or assert any of the Settling Class Members' Released Claims, including FLSA claims, against any Releasee.

23.     Named Plaintiffs, Opt-in Plaintiffs and Settling Class Members, to the fullest extent allowed by law, are prohibited from asserting any claims released by them in this Settlement, and from commencing, joining in, prosecuting, or voluntarily assisting in a lawsuit or adversarial proceeding against the Releasees, based on claims released by them in this Settlement. Excluded from this prohibition are any instances where any individual is legally compelled to testify through service of a subpoena or other process.

## CERTIFICATION, NOTICE, AND SETTLEMENT IMPLEMENTATION

24.     The Parties agree to the following procedures for obtaining Preliminary Approval of the Settlement, certifying the Settlement Class, and notifying the Settlement Class of this Settlement:

a.     **Request for Class Certification and Preliminary Approval Order**. Named Plaintiffs shall file an Unopposed Motion for Preliminary Approval of Settlement Agreement, requesting that the Court certify the Settlement Class pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23(a) and (b)(3) for the sole purpose of settlement; preliminarily approve the Settlement Agreement and its terms; approve the proposed form of the Settlement Notice and find that the proposed method of disseminating the Settlement Notice meets the requirements of due process and is the best notice practicable under the circumstances; set a date for Named Plaintiffs' motion for Final Approval of the Settlement, and approval of the requested Service Awards and Fee Award; and set a date for the Final Approval Hearing. Named Plaintiffs shall provide Defendant a copy of a draft Unopposed Motion for Preliminary Approval of Settlement Agreement at least three (3) business days in advance of filing it with the Court. The Unopposed Motion for Preliminary Approval of Settlement Agreement shall not be filed without Defendant's approval.

b.     **Notice**. Class Counsel shall be responsible for preparing, printing and mailing the Settlement Notice to all Named Plaintiffs and Settlement Class Members and the Claim Form to Settlement Class Members who are not Named Plaintiffs or who are not already Opt-in Plaintiffs as of the date of the Initial Mailing.

c.     **Class List**. Within ten (10) business days after the Court's Preliminary Approval of the Settlement, Defendant shall provide to Class Counsel an electronic database containing the names, last known addresses, last known telephone numbers (if any), last known email addresses (if any), social security numbers or tax ID numbers of each Settlement Class Member, along with the total number of overtime hours paid at straight time rates that each Settlement Class Member worked as a Consultant for Defendant between August 8, 2014 and October 31, 2018 ("Class List") In order to provide the best notice practicable, prior to mailing the Settlement Notice and Claim Form, Class Counsel will make reasonable efforts to identify current addresses via public and proprietary systems. Prior to mailing, Class Counsel shall use the National Change of Address Database to update any addresses and shall provide a copy of any updated addresses to Defendant.

d.     **Initial Mailing**. Within ten (10) business days after receiving the contact information for the Settlement Class, Class Counsel shall make an Initial Mailing as follows:

(i) to Named Plaintiffs, Opt-in Plaintiffs, and Settlement Class Members,

Class Counsel shall send by U.S. First Class Mail and by email the agreed-upon and Court-approved Settlement Notice; and

(ii) to Settlement Class Members who are not Named Plaintiffs or who are not already Opt-in Plaintiffs as of the date of Preliminary Approval, Class Counsel shall distribute the Settlement Notice and Claim Form (A) by U.S. First Class Mail, along with a self-addressed postage pre-paid envelope; and (B) by email (if email addresses are available), with the ability for Settlement Class Members to return the Claim Form utilizing DocuSign or a comparable electronic signature service. Class Counsel shall notify Defendant's Counsel when the Settlement Notice and Claim Forms have been mailed.

e.  Any Notices returned as undeliverable shall, within three (3) business days, be skip-traced (using the person's social security number) to attempt to obtain a new address and shall be re-mailed by U.S. First Class Mail to any new addresses that are found.

f.  Thirty (30) calendar days after the Initial Mailing, Class Counsel shall make a duplicate mailing of the Settlement Notice and Claim Form by U.S. First Class Mail and email (if email addresses are available) to any Settlement Class Members who were sent but have not yet returned a Claim Form.

g.  Any Settlement Notice returned to Class Counsel with a forwarding address shall be re-mailed within three (3) business days following receipt of the returned mail. If any Settlement Notice is returned to Class Counsel without a forwarding address, Class Counsel shall undertake reasonable efforts to search for the correct address, and shall promptly re-mail the Settlement Notice and Claim Form (if applicable) to any newly found addresses. In no circumstance shall such re-mailing extend the Notice Deadline.

h.  Settlement Class Members may submit their Claim Forms via regular mail, electronic mail, or facsimile, and they may execute and submit their Claim Forms online through DocuSign or a comparable electronic signature service on a website that will be established by Class Counsel. To be timely, all Claim Forms must be postmarked, emailed or otherwise received by the Notice Deadline.

i.  The Notice of Settlement and Claim Form shall state that Settlement Class Members must return their completed Claim Forms to Class Counsel by the Notice Deadline. However, the Parties agree to accept any late-returned Claim Forms if they are returned within fourteen (14) days after the Notice Deadline.

j.  Named Plaintiffs and Opt-in Plaintiffs who have already submitted an Opt-in Consent Form seeking to join this Action do not have to submit an additional Claim Form to receive a Settlement Award.

k.  Defendant will not take any adverse action against any person on the grounds that he/she is eligible to participate or does participate in the Settlement and submits a Claim Form. Defendant also will not discourage participation in this Settlement Agreement or encourage objections or opt-outs. If requested, Defendant shall state that Defendant and Class Counsel encourage Settlement Class Members to submit a Claim Form if they wish to participate

9

in the Settlement. Nothing in this Agreement shall be construed to restrict Defendant's freedom to communicate in the ordinary course of business with go-live consultants, including Settlement Class Members, about their conversion back to the status of W-2 employees.

25.   **Objections.** The Settlement Notice shall provide that Settlement Class Members who wish to object to the Settlement must, on or before the Notice Deadline, mail to Class Counsel and Defendant's counsel a written statement objecting to the Settlement. Such objection shall not be valid unless it includes the information specified in the Settlement Notice. The statement must be signed personally by the objector, and must include the objector's name, address, telephone number, email address (if applicable), the factual and legal grounds for the objection, and whether the objector intends to appear at the Final Approval Hearing. The Settlement Notice shall advise Settlement Class Members that objections shall only be considered if the Settlement Class Member has not opted out of the Settlement. No Settlement Class Member shall be entitled to be heard at the Final Approval Hearing (whether individually or through counsel), unless written notice of the Settlement Class Member's intention to appear at the Final Approval Hearing has been filed with the Court and served upon Class Counsel and Defendant's Counsel on or before the Notice Deadline and the Settlement Class Member has not opted out of the Settlement. The postmark date of mailing to Class Counsel and Defendant's Counsel shall be the exclusive means for determining that an objection is timely mailed to counsel. If postmark dates differ, the later of the two postmark dates will control. Persons who fail to return timely written objections in the manner specified above shall be deemed to have waived any objections and oppositions to the Settlement's fairness, reasonableness and adequacy, and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement. None of the Parties, their counsel, nor any person on their behalf, shall seek to solicit or otherwise encourage anyone to object to the settlement, or appeal from any order of the Court that is consistent with the terms of this Settlement, or discourage participation in the Settlement claims process.

26.   **Requests for Exclusion**. The Settlement Notice shall provide that Settlement Class Members, other than Named Plaintiffs, who wish to exclude themselves from the Settlement ("opt out") must mail to Class Counsel a written statement indicating that they do not wish to participate or be bound by the Settlement. The written request for exclusion must contain the Settlement Class Member's full name, address, telephone number, email address (if applicable), and last four digits of their social security number, and must be signed individually by the Class Member. No opt-out request may be made on behalf of a group. Such written statement must be postmarked by the Notice Deadline.

27.   **Conflicting Submissions**. If Class Counsel receives a timely request for exclusion and a timely Claim Form from a Settlement Class Member, the document submitted later in time shall control.

28.   **Cure Period**. In the event any Claim Form or request for exclusion is timely submitted but does not contain sufficient information to be valid, Class Counsel shall provide the Settlement Class Member, within seven (7) calendar days, a letter requesting the information that was not provided and giving the Settlement Class Member fourteen (14) days from the mailing of such cure letter to respond. Any invalid submission that is not timely cured will be considered a nullity. Class Counsel will inform Counsel for Defendant of any information requests made under this section. In no event shall the Notice Deadline be extended.

29.     **Final Claim Report**. Within five (5) business days after the Notice Deadline, Class Counsel shall provide to Defendant's Counsel notice of (a) the total number of Settlement Class Members who timely returned the Claim Forms; and (b) the total number of Settlement Class Members who filed timely and valid requests for exclusion from the Settlement, along with the complete copies of all requests for exclusion, including their postmark date.

30.     **Final Approval Hearing**. After review and approval by Defendant, Named Plaintiffs shall request that the Court schedule the Final Approval Hearing no earlier than thirty (30) days after the Notice Deadline to determine final approval of the settlement and to enter a Final Approval Order:

   a.   certifying this Action and Settlement Class as an FLSA collective action under 29 U.S.C. § 216(b) and as a class action under FED. R. CIV. P. 23(a) and (b)(3) for purposes of settlement only;

   b.   finding dissemination of the Settlement Notice was accomplished as directed and met the requirements of due process;

   c.   finally approving the Settlement and its terms as a fair, reasonable and adequate;

   d.   directing that the Settlement funds be distributed in accordance with the terms of this Settlement Agreement;

   e.   directing that the Action be dismissed finally, fully, forever and with prejudice and in full and final discharge of any and all Settling Class Members' Released Claims; and

   f.   retaining continuing jurisdiction over this Action for purposes only of overseeing all settlement administration matters.

## SETTLEMENT FUNDS AND AWARD CALCULATION

31.     **Gross Settlement Amount**.

   a.   **Deposit**. Within ten (10) business days after Preliminary Approval is granted, Defendant shall electronically transfer the Gross Settlement Amount to an escrow account set up by Class Counsel. Except for any costs associated with distribution of the Settlement Notice and Claim Forms, the entire Gross Settlement Amount, plus any interest earned on the Gross Settlement Amount calculated pursuant to 28 U.S.C. § 1961(a) and (b), shall be refunded to Defendant if the Settlement does not obtain Final Approval or otherwise does not become Final, or the Parties do not reach the Effective Date. There shall be no reversion of any portion of the Gross Settlement Amount to Defendant at any time after the Effective Date.

   b.   **Disbursement of Settlement Funds**. All disbursements shall be made by Class Counsel.

32.     **Payments**. Subject to the Court's Final Approval Order, the following amounts shall be paid by Class Counsel from the Gross Settlement Amount:

11

      a.    **Service Awards to Named Plaintiffs**. Subject to the Court's approval, Named Plaintiffs shall each receive Ten Thousand Dollars ($10,000.00) for their efforts in bringing and prosecuting this matter. A Form 1099 shall be issued for these payments. These payments shall be made within five (5) business days after the Effective Date.

      b.    **Fee Awards and Costs**.

      (i)    Subject to the Court's approval, Class Counsel shall receive a Fee Award in an amount up to one-third (1/3) of the Gross Settlement Amount, which will compensate Class Counsel for all work performed in the Action as of the date of this Settlement Agreement as well as all of the work remaining to be performed, including but not limited to documenting the Settlement, securing Court approval of the Settlement, making sure that the Settlement is fairly administered and implemented, and obtaining final dismissal of the Action. In addition, Class Counsel shall, subject to Court approval, receive reimbursement of their out-of-pocket costs approved by the Court. These payments of attorneys' fees and costs shall be made within five (5) business days after the Effective Date.

      (ii)    The attorneys' fees and costs paid by Defendant pursuant to this Agreement, out of the Gross Settlement Amount, shall constitute full satisfaction of Defendant's obligations to pay amounts to any person, attorney or law firm for attorneys' fees or costs in this Action on behalf of Named Plaintiffs, Opt-in Plaintiffs and/or any Settlement Class Member, and shall relieve Defendant from any other claims or liability to any other attorney or law firm for any attorneys' fees or costs to which any of them may claim to be entitled on behalf of Named Plaintiffs, Opt-in Plaintiffs or any Settlement Class Member.

      (iii)    Defendant shall issue a Form 1099 to Class Counsel for the Gross Settlement Payment. Class Counsel shall be solely and legally responsible to pay any and all applicable taxes on the payment made to them.

      c.    **Settlement Administration Costs**. Settlement Administration costs shall be paid from the Gross Settlement Amount. The Parties agree to cooperate in the settlement administration process and to make all reasonable efforts to control and minimize the costs incurred in the administration of the Settlement.

      d.    **Settlement Awards to Eligible Class Members**. Settlement Awards shall be made to Eligible Class Members as set forth below.

33.    **No Claim Based Upon Distributions or Payments in Accordance with this Settlement Agreement**. No person shall have any claim against Defendant, Class Counsel, or Defendant's Counsel based on distributions or payments made in accordance with this Settlement Agreement.

## CALCULATION AND DISTRIBUTION OF SETTLEMENT AWARDS TO ELIGIBLE CLASS MEMBERS

34.    **Settlement Award Eligibility**. All Eligible Class Members shall be paid a Settlement Award from the Net Settlement Amount. Named Plaintiffs and Opt-in Plaintiffs do not

need to submit a Claim Form in order to be eligible to receive a Settlement Award, but all other Settlement Class members must submit a Claim Form in order to be eligible to receive a Settlement Award. Class Counsel shall be responsible for determining eligibility for, and the amount of, the Settlement Awards to be paid to Eligible Class Members based on the following formula:

      a.    The amount of $100 per Eligible Class Member will be deducted from the Net Settlement Amount prior to the determination of *pro rata* individual settlement shares and allocated to each Eligible Class Member so that each Eligible Class Member receives at least $100 in exchange for their release in this Settlement Agreement.

      b.    In addition to the $100 payment set out in (a) above, Eligible Class Members shall receive *a pro rata* portion of the Net Settlement Amount as follows:

          i.   For each workweek during which the Eligible Class Member worked more than forty (40) hours but did not receive overtime premium pay ("uncompensated overtime") at any time from August 8, 2014 and October 31, 2018, he or she shall be eligible to receive a *pro rata* portion of the Net Settlement Amount based on the actual number of uncompensated overtime hours the Eligible Class Member was paid. Each uncompensated overtime hour paid will be equal to one (1) settlement share.

         ii.   The total number of settlement shares for all Eligible Class Members will be added together and the resulting sum will be divided into the Net Settlement Amount to reach a per share dollar figure. That figure will then be multiplied by each Eligible Class Member's number of settlement shares to determine the Eligible Class Member's Settlement Award.

35.    In addition to other information contained on the Settlement Notice, the Settlement Notice shall state the estimated minimum payment the class member is expected to receive assuming full participation of all Settlement Class Members.

36.    All Settlement Award determinations shall be based on Defendant's payroll and timekeeping records. If the Parties determine, based upon further review of available data, that a person previously identified as being a Settlement Class Member is not a Settlement Class Member, or an individual who was not previously identified as a Settlement Class Member is in fact a Settlement Class Member but was not so included, Class Counsel shall promptly make such addition or deletion as appropriate.

37.    Settlement Awards shall be reported by Class Counsel, or a Third Party Settlement Administrator hired for the purpose of issuing checks, on an IRS Form 1099, and shall not be subject to FICA and FUTA withholding taxes. Defendant shall cooperate with Class Counsel to obtain such information as may be necessary to facilitate the preparation of these forms.

38.    Class Counsel and Defendant's Counsel do not intend for this Settlement Agreement to constitute legal advice relating to the tax liability of any Eligible Class Member. To the extent that this Settlement Agreement, or any of its attachments, is interpreted to contain or constitute advice regarding any federal, state or local tax issue, such advice is not written or

13

intended to be used, and cannot be used, by any person for the purpose of avoiding any tax liability or penalties.

39.     Class Counsel shall provide Defendant's Counsel with a final report of all Settlement Awards, at least ten (10) business days before the Settlement Awards to Eligible Class Members are mailed.

40.     Class Counsel shall mail all Settlement Awards to Eligible Class Members within thirty (30) days after the Effective Date or as soon as reasonably practicable. Class Counsel shall then provide written certification of mailing to Defendant's Counsel.

41.     All Settlement Award checks shall remain valid and negotiable for one hundred eighty (180) days from the date of their issuance and may thereafter automatically be canceled if not cashed within that time, at which time the right to recover any Settlement Award will be deemed void and of no further force and effect. With ninety (90) days remaining, a reminder letter will be sent via U.S. mail and email to those who have not yet cashed their settlement check, and during the last sixty (60) days of the check cashing period, a call will be placed to those that have still not cashed their check to remind them to do so. At the conclusion of the 180 day check cashing deadline, any Eligible Class Members who have not cashed their Settlement Award checks shall nevertheless be deemed to have finally and forever released the Eligible Class Members' Released Claims.

42.     **Remaining Monies**. If at the conclusion of the 180-day check void period set forth above, there are any monies remaining, those monies shall be paid to the applicable unclaimed property fund of the state in which the Eligible Class Member's check was originally sent, subject to the Court's approval in the Final Approval Order.

## ADDITIONAL RELIEF

43.     **Reclassification of Go-Live Consultants.** As part of this Settlement, Defendant has agreed that, on or before January 31, 2019, it will reclassify to W-2 employees all independent contractors who perform go-live consulting work for customers of Leidos Health, LLC, and will ensure that such individuals will be eligible to receive overtime premium pay when they work more than forty hours per workweek. This is a material term of the Settlement.

## MISCELLANEOUS

44.     **Continuation of Tolling Agreement.** The statute of limitations on the FLSA and state law claims of Settlement Class Members shall continue to be tolled from November 9, 2017 through the Effective Date of the Settlement.

45.     **No Admission of Liability**. This Settlement Agreement and all related documents are not and shall not be construed as an admission by Defendant or any of the Releasees of any fault or liability or wrongdoing.

46.     **Defendant's Legal Fees.** Defendant's legal fees and expenses in this Action shall be borne by Defendant.

14

47.    **Nullification of the Settlement Agreement**. In the event: (a) the Court does not preliminarily or finally approve the Settlement as provided herein; or (b) the Settlement does not become Final for any other reason; or (c) the Effective Date does not occur, the Parties agree to engage in follow up negotiations with the intent of resolving the Court's concerns that precluded approval, and if feasible, to resubmit the settlement for approval within thirty (30) days. If the Settlement is not approved as resubmitted or if the Parties are not able to reach another agreement, then either Party may void this Agreement; at that point, the Parties agree that each shall return to their respective positions as of October 8, 2018 (the day before the Parties entered into the Memorandum of Understanding) and that this Agreement shall not be used in evidence or argument in any other aspect of their litigation. In addition, upon voiding of the Agreement, the Gross Settlement Amount will be returned to Defendant consistent with Paragraph 31(a).

48.    **Inadmissibility of Settlement Agreement.** Except for purposes of settling this Action, or enforcing its terms (including that claims were settled and released), resolving an alleged breach, or for resolution of other tax or legal issues arising from a payment under this Settlement Agreement, neither this Agreement, nor its terms, nor any document, statement, proceeding or conduct related to this Agreement, nor any reports or accounts thereof, shall be construed as, offered or admitted in evidence as, received as, or deemed to be evidence in this or any other proceeding, for any purpose adverse to any of the Parties, including, without limitation, evidence of a presumption, concession, indication or admission by any of the Parties of any liability, fault, wrongdoing, omission, concession or damage.

49.    **Computation of Time.** For purposes of this Agreement, if the prescribed time period in which to complete any required or permitted action expires on a Saturday, Sunday, or legal holiday (as defined by FED. R. CIV. P. 6(a)(6)), such time period shall be continued to the following business day. The term "days" shall mean calendar days unless otherwise noted.

50.    **Interim Stay of Proceedings.** The Parties agree to hold in abeyance all proceedings in the Action, except such proceedings necessary to implement and complete the Settlement. Further, without further order of the Court, the Parties hereto may agree in writing to reasonable extensions of time to carry out any of the provisions of the Settlement.

51.    **Amendment or Modification.** This Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors in interest. This Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties hereto.

52.    **Entire Settlement Agreement.** This Agreement with exhibits constitutes the entire Agreement among the Parties, and no oral or written representations, warranties or inducements have been made to any Party concerning this Agreement other than the representations, warranties, and covenants contained and memorialized in such documents. All prior or contemporaneous negotiations, memoranda, agreements, understandings, and representations, whether written or oral, including the Memorandum of Understanding executed by counsel for the Parties on October 9, 2018, are expressly superseded hereby and are of no further force and effect. Each of the Parties acknowledges that it has not relied on any promise, representation or warranty, express or implied, not contained in this Agreement. No rights hereunder may be waived except in writing.

15

53. **Authorization to Enter Into Settlement Agreement.** The signatories to this Agreement warrant and represent that they are authorized to enter into this Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement. The Parties and their counsel shall cooperate with each other and use their best efforts to effect the implementation of the Agreement. In the event that the Parties are unable to reach resolution on the form or content of any document needed to implement this Agreement, or on any supplemental provisions or actions that may become necessary to effectuate the terms of this Agreement, the Parties shall seek the assistance of the mediator, Anne Marie Estevez, Esq., to resolve such disagreement.

54. **Binding on Successors and Assigns.** This Agreement shall be binding upon, and inure to the benefit of Named Plaintiffs, Defendant, Opt-in Plaintiffs, the Settlement Class Members and their heirs, beneficiaries, executors, administrators, successors, transferees, successors, assigns, or any corporation or any entity with which any party may merge, consolidate or reorganize. The Parties hereto represent, covenant and warrant that they have not directly or indirectly assigned, transferred, encumbered or purported to assign, transfer or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights herein released and discharged except as set forth herein.

55. **Counterparts.** This Agreement and any Claim Forms may be executed in one or more counterparts by hand, by DocuSign, or by electronic means equivalent to DocuSign. All executed counterparts and each of them shall be deemed to be one and the same instrument. All executed copies of this Agreement and photocopies thereof (including copies transmitted by facsimile, email, or other electronic means), shall have the same force and effect and shall be as legally binding and enforceable as the original.

56. **No Signature Required by Eligible Class Members.** Only the Named Plaintiffs, Defendant, and the respective counsel of each of them will be required to execute this Settlement Agreement. The Settlement Notice will advise all Settlement Class Members of the binding nature of the release and such shall have the same force and effect as if this Settlement Agreement were executed by each Settling Class Member.

57. **Cooperation and Drafting.** The Parties have cooperated in the drafting and preparation of this Agreement; hence the drafting of this Agreement shall not be construed against any of the Parties. The Parties agree that the terms and conditions of this Agreement were negotiated at arm's length and in good faith by the Parties, and reflect a settlement that was reached voluntarily based upon adequate information and sufficient discovery and after consultation with experienced legal counsel.

58. **Governing Law.** All terms of this Settlement Agreement and the exhibits hereto shall be governed by and interpreted according to the laws of the State of Indiana.

59. **Jurisdiction of the Court.** The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Settlement and all orders and judgments entered in connection therewith, and the Parties and their Counsel submit to the jurisdiction of the Court for this purpose.

DocuSign Envelope ID: 7EEA804A-B08B-4E1C-A8D4-3BFFA489758C

**IN WITNESS WHEREOF**, the Parties and their Counsel have executed this Settlement Agreement as follows:

**PLAINTIFFS:**

Ayodeji Oshikoya
7CD88B3EA14491...

_____

Ayodeji Oshikoya

Date: 12/18/2018

Date: December ___, 2018


_____

Kevia Wilson

Date: December ___, 2018


**APPROVED AS TO FORM BY CLASS COUNSEL:**

_____

Shanon J. Carson
Sarah R. Schalman-Bergen
Alexandra K. Piazza
BERGER & MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103

Date: December ___, 2018


_____

Harold Lichten
Olena Savytska
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Suite 2000
Boston, MA 02116

Date: December ___, 2018


_____

David M. Blanchard
BLANCHARD & WALKER PLLC
221 N Main Street, Suite 300
Ann Arbor, MI 48104

Date: December ___, 2018


**DEFENDANT:**

_____

Leidos Health, LLC

Date: December ___, 2018

17

**IN WITNESS WHEREOF,** the Parties and their Counsel have executed this Settlement Agreement as follows:

**PLAINTIFFS:**

_____     Date: December ___, 2018
Ayodeji Oshikoya

DocuSigned by:
*kevia Wilson*
729FE9B828AC43A...                        12/18/2018
Kevia Wilson                              Date: December ___, 2018

**APPROVED AS TO FORM BY CLASS COUNSEL:**

_____     Date: December ___, 2018
Shanon J. Carson
Sarah R. Schalman-Bergen
Alexandra K. Piazza
BERGER & MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103

_____     Date: December ___, 2018
Harold Lichten
Olena Savytska
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Suite 2000
Boston, MA 02116

_____     Date: December ___, 2018
David M. Blanchard
BLANCHARD & WALKER PLLC
221 N Main Street, Suite 300
Ann Arbor, MI 48104

**DEFENDANT:**

_____     Date: December ___, 2018
Leidos Health, LLC

17

**IN WITNESS WHEREOF**, the Parties and their Counsel have executed this Settlement Agreement as follows:

**PLAINTIFFS:**

_____     Date: December __, 2018
Ayodeji Oshikoya

_____     Date: December __, 2018
Kevia Wilson

**APPROVED AS TO FORM BY CLASS COUNSEL:**

_____     Date: December 19, 2018
Sharon J. Carson
Sarah R. Schalman-Bergen
Alexandra K. Piazza
BERGER & MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA19103

_____     Date: December __, 2018
Harold Lichten
Olena Savytska
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Suite 2000
Boston, MA 02116

_____     Date: December __, 2018
David M. Blanchard
BLANCHARD & WALKER PLLC
221 N Main Street, Suite 300
Ann Arbor, MI 48104

**DEFENDANT:**

_____     Date: December __, 2018
Leidos Health, LLC

17

**IN WITNESS WHEREOF,** the Parties and their Counsel have executed this Settlement Agreement as follows:

**PLAINTIFFS:**
_____     Date: December ___, 2018
Ayodeji Oshikoya


_____     Date: December ___, 2018
Kevia Wilson


**APPROVED AS TO FORM BY CLASS COUNSEL:**


_____     Date: December ___, 2018
Shanon J. Carson
Sarah R. Schalman-Bergen
Alexandra K. Piazza
BERGER & MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103


_____     Date: December _19_, 2018
Harold Lichten
Olena Savytska
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Suite 2000
Boston, MA 02116


_____     Date: December ___, 2018
David M. Blanchard
BLANCHARD & WALKER PLLC
221 N Main Street, Suite 300
Ann Arbor, MI 48104


**DEFENDANT:**
_____     Date: December ___, 2018
Leidos Health, LLC

17

**IN WITNESS WHEREOF,** the Parties and their Counsel have executed this Settlement Agreement as follows:

**PLAINTIFFS:**

_____    Date: December ___, 2018
Ayodeji Oshikoya

_____    Date: December ___, 2018
Kevia Wilson

**APPROVED AS TO FORM BY CLASS COUNSEL:**

_____    Date: December ___, 2018
Shanon J. Carson
Sarah R. Schalman-Bergen
Alexandra K. Piazza
BERGER & MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103

_____    Date: December ___, 2018
Harold Lichten
Olena Savytska
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Suite 2000
Boston, MA 02116

_____    Date: December 28, 2018
David M. Blanchard
BLANCHARD & WALKER PLLC
221 N Main Street, Suite 300
Ann Arbor, MI 48104

**DEFENDANT:**

_____    Date: December ___, 2018
Leidos Health, LLC

17

DocuSign Envelope ID: 23B79177-23F2-4CA8-9984-14525495B9C8

**IN WITNESS WHEREOF,** the Parties and their Counsel have executed this Settlement Agreement as follows:

**PLAINTIFFS:**

_____     Date: December ___, 2018
Ayodeji Oshikoya

DocuSigned by:

_Kevia Wilson_

720FE3B626AC43A...                  12/18/2018
Kevia Wilson                        Date: December ___, 2018

**APPROVED AS TO FORM BY CLASS COUNSEL:**

_____     Date: December ___, 2018
Shanon J. Carson
Sarah R. Schalman-Bergen
Alexandra K. Piazza
BERGER & MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103

_____     Date: December ___, 2018
Harold Lichten
Olena Savytska
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Suite 2000
Boston, MA 02116

_____     Date: December ___, 2018
David M. Blanchard
BLANCHARD & WALKER PLLC
221 N Main Street, Suite 300
Ann Arbor, MI 48104

**DEFENDANT:**    _____    Date: December 20, 2018
Leidos Health, LLC

17

**APPROVED AS TO FORM BY DEFENDANT'S COUNSEL:**

_____     Date: December 20, 2018

Michael J. Murphy
Christopher E. Humber
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1909 K Street, N.W., Suite 1000
Washington, D.C. 20006

18

# **<u>EXHIBIT A</u>**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| AYODEJI OSHIKOYA and KEVIA WILSON, individually and on behalf of all others similarly situated, | |
| Plaintiffs, | No. 1:17-cv-03237-RLM-DLP |
| v. | |
| LEIDOS HEALTH, LLC, | |
| Defendant. | |

## NOTICE OF SETTLEMENT

### PLEASE READ THIS NOTICE CAREFULLY.

You received this Notice of Settlement ("Notice") either because you 1) previously completed an Opt-in Consent Form to join this case; or 2) you did not previously join this case but the records of Leidos Health, LLC ("Defendant" or "Leidos") show you performed work as a Consultant for Leidos at some time between August 8, 2014 and October 31, 2018 and were not paid an overtime premium when you worked more than forty (40) hours in at least one workweek during that time. Because you fit this definition, **you may be entitled to receive money from a Settlement[1] in this case, as described below**.

| 1. | Why Should You Read This Notice? |
|---|---|

This Notice explains your right to share in the monetary proceeds of this Settlement, exclude yourself ("opt out") of the Settlement, or object to the Settlement. The United States District Court for the Southern District of Indiana has preliminarily approved the Settlement as fair and reasonable. The Court will hold a Final Approval Hearing on _____, 2019 at _____, before the Honorable [Judge] in [location].

| 2. | What Is This Case About? |
|---|---|

This lawsuit alleges that individuals who performed consulting work for Leidos between August 8, 2014 through on or about October 31, 2018 were not paid overtime compensation to which they were entitled under the law. Leidos denies that these individuals were entitled to any overtime compensation or other compensation beyond the compensation they received and denies any wrongdoing and any and all liability and damages to anyone with respect to the alleged facts or

---

[1] The capitalized terms in this Notice of Settlement have defined meanings that are set out in detail in the Settlement Agreement. To review a copy of the Settlement Agreement, please contact Ebony Green, Settlement Administrator, Lichten & Liss-Riordan, P.C., by telephone at 617-994-5800 or by email at egreen@llr.com.

causes of action asserted in the lawsuit. To avoid the burden, expense and inconvenience of continued litigation, the Parties have concluded that it is in their best interest to resolve and settle the lawsuit by entering into a Settlement Agreement.

| 3. | What Are the Terms of the Settlement? |
|---|---|

Leidos has agreed to pay Six Million and One Hundred Thousand Dollars and Zero Cents ($6,100,000.00) to settle this lawsuit ("Gross Settlement Amount"). Deductions from this amount will be made for attorneys' fees and costs for Class Counsel (see below), settlement administration costs (up to $30,000), and service awards in the amount not to exceed Twenty Thousand Dollars ($20,000) in total to Ayodeji Oshikoya ($10,000) and Kevia Wilson ($10,000) for their service to the Settlement Class. After deductions of these amounts, what remains of the Gross Settlement Amount (the "Net Settlement Amount") will be available to pay monetary Settlement Awards to (i) Named Plaintiffs; (ii) Opt-in Plaintiffs, and (iii) all Settlement Class Members who return a timely and fully executed Claim Form (collectively, "Eligible Class Members").

Named Plaintiffs, individuals who filed an Opt-in Consent Form to join the case before [date of preliminary approval] and all individuals who worked for Leidos as Consultants between August 8, 2014 and October 31, 2018 and who timely complete a Claim Form will be eligible to receive a monetary award from the Net Settlement Amount.

**Please fill out and return the enclosed Claim Form to receive your Settlement Award. If you already joined the case by filing an Opt-in Consent Form prior to [date of preliminary approval], you do not need to do anything in order to receive your Settlement Award. To confirm whether you timely submitted an Opt-in Consent Form, please contact Class Counsel.**

| 4. | How Much Can I Expect to Receive? |
|---|---|

All Eligible Class Members will receive a *pro rata* share of the Net Settlement Amount based on the total number of uncompensated overtime hours that the Eligible Class Member worked for Leidos as a Consultant between August 8, 2014 and October 31, 2018.
Specifically, the amount of $100 per Eligible Class Member will be deducted from the Net Settlement Amount prior to the determination of *pro rata* individual settlement shares and allocated to each Eligible Class Member so that each Eligible Class Member receives at least $100 in exchange for their release in this Settlement Agreement.

In addition to the $100 payment described above, Eligible Class Members shall receive a *pro rata* portion of the Net Settlement Amount as follows:

      1. For each week during which the Eligible Class Member performed overtime work for Defendant at any time from August 8, 2014 and October 31, 2018, he or she shall be eligible to receive a *pro rata* portion of the Net Settlement Amount based on the actual number of uncompensated overtime hours the Eligible Class Member worked. Each overtime hour worked will be equal to one (1) settlement share.

2. The total number of settlement shares for all Eligible Class Members will be added together and the resulting sum will be divided into the Net Settlement Amount to reach a per share dollar figure. That figure will then be multiplied by each Eligible Class Member's number of settlement shares to determine the Eligible Class Member's Settlement Award.

All Settlement Award determinations will be based on Leidos's pay data for Settlement Class members. According to records maintained by Leidos, your total estimated settlement payment (assuming you have either already filed an Opt-in Consent Form to join this case or properly complete and return the enclosed Claim Form by the deadline) will be at least $____, depending on the number of individuals who submit a Claim Form. This amount is an estimated amount, and your final settlement payment is expected to differ from this amount and will be calculated as set forth above. If you have not already, and you do not properly complete and return the enclosed Claim Form by the deadline, you will not receive any money in this Settlement.

Settlement Awards shall be reported on an IRS Form 1099, and shall not be subject to FICA and FUTA withholding taxes. If you receive a Settlement Award, you will have 180 days to cash the check that will be sent to you. If at the conclusion of the 180-day check void period, there are any uncashed checks, those monies will be paid to the unclaimed property fund of the state in which the Eligible Class Member's check was originally sent, subject to the Court's approval in the Final Approval Order.

**It is your responsibility to keep a current address on file with Class Counsel to ensure receipt of your monetary Settlement Award. If you fail to keep your address current, you may not receive your Settlement Award.**

| 5. | What Are The Releases? |
|---|---|

If the Court grants final approval of the Settlement, the lawsuit will be dismissed with prejudice against Leidos, and all Eligible Class Members will release Leidos and all Releasees from any and all claims that were or could have been asserted in the Second Amended Complaint based on the facts alleged for unpaid wages, overtime compensation, liquidated or other damages, unpaid costs, restitution or other compensation or relief arising under FLSA or under Pennsylvania, North Carolina, Utah, and Michigan wage and hour laws, or state common law claims (including unjust enrichment or quantum meruit), beginning from the longest applicable statute of limitations period through January 31, 2019. However, with the exception of the Named Plaintiffs, only Eligible Class Members who are issued a Settlement Award check will release their FLSA claims against Defendant and Releasees. The full text of the Releases is contained in the Settlement Agreement and may be obtained from Ebony Green, Settlement Administrator, Lichten & Liss-Riordan, P.C., by telephone at 617-994-5800 or by email at egreen@llr.com.

| 6. | What Are My Rights? |
|---|---|

- **File a Claim:** If you are a Settlement Class Member and you timely submit a Claim Form, then you will receive your Settlement Award if the Court grants final approval to the Settlement. You will also be bound by the release in the Settlement. Only Eligible Class

Members who are issued a Settlement Award will release their FLSA claims under the Settlement. **If you already joined the case by filing an Opt-in Consent Form prior to [insert date of preliminary approval], you do not need to do anything in order to receive your Settlement Award.**

You may return the Claim Form to Class Counsel by mail, email, or facsimile at:

Leidos Overtime Settlement
Lichten & Liss-Riordan, P.C.
Telephone: (617) 994-5800
Fax: 617-994-5801
Email: egreen@llr.com

You may also complete an online Claim Form at: [INSERT ELECTRONIC OPTION]

- **Do Nothing**: If you are a Settlement Class Member who performed work in Michigan, North Carolina, Pennsylvania, or Utah, who did not file an Opt-in Consent Form prior to [insert date of preliminary approval], and you do nothing, you will not receive a Settlement Award, but <u>you will be bound</u> by the Settlement including its release provisions, except that you will not release your FLSA claims.

  If you are a Settlement Class Member who did not perform work in Michigan, North Carolina, Pennsylvania, or Utah, did not file an Opt-in Consent Form prior to [ ], and you do nothing, <u>you will not be bound</u> by the Settlement Agreement and will not receive a Settlement Award.

- **Opt-Out**: If you are a member of the Settlement Class and do not wish to be bound by the Settlement, you must submit a written exclusion from the Settlement ("opt-out"), postmarked by [INSERT]. The written request for exclusion must contain your full name, address, telephone number, email address (if applicable), last four digits of your social security number, and must be signed individually by you. No opt-out request may be made on behalf of a group. The opt-out request must be sent by mail to Class Counsel. **Any person who requests exclusion (opts out) of the settlement will not be entitled to any Settlement Award and will not be bound by the Settlement Agreement or have any right to object, appeal or comment thereon.**

- **Object**: If you received this Notice and wish to object to the Settlement, you must submit a written statement objecting to the Settlement. The statement must state the factual and legal grounds for your objection to the settlement. Your objection must state your full name, address, telephone number, and email address (if applicable), and must be signed by you. Any objection must be mailed to:

Shanon J. Carson                    Christopher E. Humber
**BERGER MONTAGUE PC**               **OGLETREE, DEAKINS, NASH,**
1818 Market St., Suite 3600          **SMOAK & STEWART, P.C.**
Philadelphia, Pennsylvania 19103     1909 K Street, N.W., Suite 1000

23

Washington, D.C. 20006

Harold Lichten
**LICHTEN & LISS-RIORDAN, P.C.**
729 Boylston St., Suite 2000
Boston, MA 02116

If you submit a written objection, you may also, if you wish, appear at the Final Approval Hearing to discuss your objection with the Court and the parties to the Lawsuit. Your written objection must state whether you will attend the Final Approval Hearing, and your written notice of your intention to appear at the Final Approval Hearing must be filed with the Court and served upon Class Counsel and Leidos' counsel on or before the Notice Deadline. To be heard at the Final Approval Hearing you must also not have opted out of the Settlement. If you wish to object to the Settlement but fail to return your timely written objection in the manner specified above, you shall be deemed to have waived any objection and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement. The postmark date of mailing to Class Counsel and Leidos' counsel shall be the exclusive means for determining that an objection is timely mailed to counsel. Objections shall only be considered if the Settlement Class Member has not opted out of the Settlement.

| 7. | **Can Defendant Retaliate Against Me for Participating in this Lawsuit?** |

No. Your decision as to whether or not to participate in this Lawsuit will in no way affect your work or employment with Leidos or future work or employment with Leidos. It is unlawful for Leidos to take any adverse action against you as a result of your participation in this Lawsuit. In fact, Leidos encourages you to participate in this Settlement.

| 8. | **Who Are the Attorneys Representing Plaintiffs and the Settlement Class?** |

Plaintiffs and the Settlement Class are represented by the following attorneys acting as Class Counsel:

Shanon J. Carson
Sarah R. Schalman-Bergen
Alexandra K. Piazza
**BERGER MONTAGUE PC**
1818 Market St., Suite 3600
Philadelphia, Philadelphia 19103
Telephone: (215) 875-3033
Facsimile: (215) 875-4604
Email: overtime@bm.net

Harold Lichten
Olena Savytska
**LICHTEN & LISS-RIORDAN, P.C.**
729 Boylston St., Suite 2000
Boston, MA 02116
Telephone: (617) 994-5800
Email: hlichten@llrlaw.com

David M. Blanchard
**BLANCHARD & WALKER, PLLC**
221 N. Main Street, Suite 300
Ann Arbor, MI 48104
Telephone: (734) 929-4313

24

Email: blanchard@bwlawonline.com

| 9. | How Will the Attorneys for the Settlement Class Be Paid? |
| --- | --- |

Class Counsel will be paid from the Gross Settlement Amount of $6,100,000.00. You do not have to pay the attorneys who represent the Settlement Class. The Settlement Agreement provides that Class Counsel will receive attorneys' fees of up to one-third (1/3) of the Gross Settlement Amount ($2,033,333.00) plus their out-of-pocket costs, which are presently $20,004.16. Class Counsel will file a Motion for Attorneys' Fees and Costs with the Court. The amount of attorneys' fees and costs awarded will be determined by the Court at the Final Approval Hearing.

| 10. Where can I get more information? |
| --- |

If you have questions about this Notice, including the enclosed Claim Form, or the Settlement, or if you did not receive this Notice in the mail and you believe that you are or may be a member of the Settlement, you should contact the Class Counsel.

This Notice is only a summary. For more detailed information, you may review the Settlement Agreement, containing the complete terms of the proposed Settlement, which is available through Class Counsel and publicly accessible and on file with the Court.

**PLEASE DO NOT WRITE OR TELEPHONE THE COURT OR TO LEIDOS FOR INFORMATION ABOUT THE PROPOSED SETTLEMENT OR THIS LAWSUIT.**

# **<u>EXHIBIT B</u>**

## CLAIM FORM

*Oshikoya, et al. v. Leidos Health, LLC,*
No. 1:17-cv-3237 (S.D. Ind.)

**COMPLETE AND MAIL, FAX OR EMAIL THIS FORM TO:**
Attn: Leidos Overtime Settlement
Lichten & Liss-Riordan, P.C.
Telephone Number: (617) 994-5800
Fax Number: 617-994-5801
Email Address: egreen@llr.com

You may also complete an online Claim Form at: [INSERT ELECTRONIC OPTION]

**CLAIMANT INFORMATION:**

[INSERT CLAIMANT NAME AND ADDRESS]

**Telephone No.:**

**Email Address:**


**TO RECEIVE A SETTLEMENT AWARD IN THIS SETTLEMENT, PLEASE
SIGN AND RETURN THIS CLAIM FORM POSTMARKED BY
_____, 2019.**

If your address changes, you must send Class Counsel your new address. It is your responsibility to keep your address on file and up-to-date with Class Counsel so that you can be sure to receive your monetary Settlement Award.

By signing below, I certify that I hereby consent and agree to be bound by the collective and class action settlement, including the Release of Claims as set forth in the NOTICE OF SETTLEMENT and SETTLEMENT AGREEMENT.


Date:_____          _____
                               Signature

                               _____
                               Printed Name

27